WINIFRED NELLIGAN, Plaintiff-Appellant, v. TOM CHANEY MOTORS, INC., *et al.*, Defendants-Appellees.

Second District No. 84—0486

Opinion filed June 5, 1985.

Douglas Drenk, David Drenk, and Thomas B. Cahill, all of Guerard, Konewko & Drenk, of Wheaton, for appellant.

John A. Hiskes, of Jacobs, Buikema, Malak, Heaney & Hiskes, Ltd., of South Holland, and Bruce Davidson, of Hinsdale, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Winifred Nelligan, appeals from the trial court's dismissal of her complaint filed against defendants Tom Chaney Motors, Inc. (Tom Chaney), and Volkswagen of America, Inc. (Volkswagen), alleging defects in her 1977 Volkswagen Rabbit and claiming revocation of acceptance, breach of implied warranty, and violation of the Magnuson-Moss Warranty Act (15 U.S.C. sec. 2301 et seq. (1976)).

On appeal, she raises four issues: (1) whether the trial court erred when it dismissed count I and count II of the complaint as being barred by the statute of limitations; (2) whether the trial court erred by dismissing count III of the complaint where plaintiff's cause of action was not barred by the applicable statute of limitations; (3) whether the trial court erred by dismissing the complaint where genuine issues of material fact existed with respect to its findings that the plaintiff's causes of action were barred by the statute of limitations; and (4) whether the trial court abused its discretion by denying plaintiff's motion to amend the complaint.

This action commenced on November 23, 1983, when plaintiff filed a three-count complaint against defendants. She alleged that in January 1977, she bought a 1977 Volkswagen Rabbit from Tom Chaney for $4,378.25 and that defendants warranted the motor vehicle for its use as a passenger vehicle. In count I, plaintiff sought revocation of accept-

ance, alleging that defendants informed plaintiff that the Volkswagen Rabbit would be the best motor vehicle for her needs; that plaintiff purchased the vehicle in reliance on advertisements, promises and warranties published by defendants; that on or about August 1978, plaintiff discovered the vehicle was defective, unsound and wholly unfit for the use for which it was purchased in the following manners: (a) faulty and defective emission control system; (b) faulty and defective engine; (c) faulty and defective carburetor; and (d) faulty and defective repair; that plaintiff retained the motor vehicle on the assumption that defendants would repair or cure the defects; and that in cooperating with defendants, plaintiff returned the motor vehicle on numerous occasions at plaintiff's expense and defendants failed to repair, fix and cure the defective product. Plaintiff asked the court to revoke the transaction for breach of warranty in accordance with section 2—608 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 2—608); to order Tom Chaney to restore to plaintiff consideration paid for the motor vehicle plus additional expenditures; and to award plaintiff $4,378.25 plus additional expenses, attorney fees, and costs.

In count II, based upon implied warranty of merchantability, plaintiff additionally alleged that defendants promised and warranted that the motor vehicle would be of merchantable quality and fit for the ordinary purposes for which motor vehicles are used in accordance with section 2—314 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 2—314) and that defendants breached their promise and warranty as the motor vehicle was not merchantable or fit for ordinary purposes.

Plaintiff, in count III, claimed a violation of the Magnuson-Moss Warranty Act (15 U.S.C. sec. 2301 et seq. (1976)), realleging the aforementioned complaints and alleging that section 2301(d) of the Act allows any buyer of a consumer product to bring suit for damages and for other legal and equitable relief in any court in any State. No exhibits such as a bill of sale or express warranty relating to the allegedly defective vehicle were attached to the complaint.

Volkswagen and Tom Chaney each filed a motion to dismiss, claiming that since, according to the complaint, the vehicle was delivered in January 1977 and problems with the vehicle were experienced in 1978, the applicable four-year statute of limitations period had expired. In a written response to the defendants' motions to dismiss, plaintiff argued, inter alia, that by performing repairs and by the continuous recall program, defendants waived the limitations period. She charged that defendants should be estopped from raising the statute of limitations as a defense because she relied on the recall notices and believed

that repairs would be performed satisfactorily. She also sought extension of the discovery rule to this type of action.

The trial court on March 12, 1984, granted the motions of defendants to dismiss and entered judgment in their favor. On April 10, 1984, plaintiff filed a motion to vacate and a motion for leave to file an amended complaint in which, she stated, she would allege additional facts and causes of action that would plead a waiver or estoppel in her favor. However, a proposed amended complaint was not filed then or at any time prior to the hearing on April 23, 1984, on plaintiff's motions, which were denied.

On the same day notice of appeal was filed, May 23, 1984, plaintiff filed, without leave of court, a slightly modified motion to amend along with an amendment to the complaint. In this subsequent motion to amend, plaintiff stated she would allege a waiver or estoppel and causes under the Illinois Consumer Protection Act. In the accompanying amendment, a fourth count was added, which alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, but made no mention of an estoppel or waiver theory.

■ Plaintiff first contends that counts I and II of her complaint are not barred by the four-year statute of limitations (Ill. Rev. Stat. 1983, ch. 26, par. 2—725) because the breach of warranty was discovered within the four-year period before plaintiff filed suit and did not occur when tender of delivery was made in 1977, as there was never a conforming tender of delivery.

The Uniform Commercial Code establishes a four-year period of limitations for actions for breach of contract for sale, providing, in pertinent part, that:

> "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." (Ill. Rev. Stat. 1983, ch. 26, par. 2—725.)

A cause of action accrues when tender of delivery is made. Here, a tender of delivery was made in January 1977, and as suit was filed in November 1983, over 6½ years after the tender of delivery, the four-

year period of limitations had run. The language of the statute, as interpreted by the courts of this State, clearly proscribes the application of the discovery rule in breach of warranty cases (see *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 94, 435 N.E.2d 443; *Tomes v. Chrysler Corp.* (1978), 60 Ill. App. 3d 707, 709, 377 N.E.2d 224), making plaintiff's assertions as to when she discovered the breach irrelevant.

We note initially that section 2—725(2) refers to "tender of delivery" and not, as plaintiff suggests, a "conforming tender of delivery." In addition, plaintiff's argument that the action is not barred because there has never been a conforming tender of delivery, when read with section 2—725(2), which provides that a cause of action accrues when tender of delivery is made, would lead to the absurd result that the period of limitations never begins to run in cases such as this where a plaintiff takes delivery and retains possession of goods for a considerable period of time before notifying the seller of possible defects. See generally Platt, *Lemon Auto Litigation in Illinois*, 73 Ill. B.J. 504 (1985).

Plaintiff next argues that express and implied warranties guaranteed future performance so that, under section 2—725(2), the cause of action accrued when the breach was discovered. In plaintiff's complaint, she alleged that she discovered in August 1978 that her vehicle was defective, unsound and wholly unfit for the use for which it was purchased, although she argued in her brief and at oral argument that she first began having problems in 1978 which continued until and beyond the time she filed this lawsuit.

Section 2—725(2) embraces the discovery rule only "where a warranty explicitly extends to future performance" (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(2)), and this "except" clause has been narrowly construed, with emphasis on "explicitly." (Ill. Ann. Stat., ch. 26, par. 2—725, Illinois Code Comment, at 147 (Smith-Hurd Supp. 1984).) Thus, the discovery rule exception of section 2—725(2) has been held to be inapplicable to claims for breach of implied warranty (*Owens v. Glendale Optical Co.* (S.D. Ill. 1984), 590 F. Supp. 32, 36; *LaPorte v. R. D. Werner Co.* (N.D. Ill. 1983), 561 F. Supp. 189, 191), and plaintiff's claim that she had an implied warranty extending to future performance which arose by the course of dealing between the parties necessarily fails.

As for the existence of an express warranty guaranteeing future performance, plaintiff in her complaint vaguely alludes to a written warranty, but has never offered a copy of one or disclosed its terms. Even where a warranty is express, there is judicial reluctance to infer

from its language terms of prospective operation which are not clearly stated. (*Binkley Co. v. Teledyne Mid-America Corp.* (E.D. Mo. 1971), 333 F. Supp. 1183, 1186; *Beckmire v. Ristokrat Clay Products Co.* (1976), 36 Ill. App. 3d 411, 413, 343 N.E.2d 530.) The mere expectation that a product's warranty extends for the life of the product does not delay the point at which the statute of limitations commences to run. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 94, 435 N.E.2d 443; *Chicago Heights Venture v. Dynamit Nobel of America, Inc.* (N.D. Ill. 1983), 575 F. Supp. 214, 220.

Plaintiff maintains that defendants' course of conduct—recalls and repeated attempts to cure the defects—explicitly extended the warranty to future performance. We believe that such conduct at best implies a warranty and does not explicitly extend an express warranty. Moreover, as we have noted, plaintiff has not demonstrated the existence of an express warranty that would be the subject of the extension she seeks. In the absence of factual allegations showing the existence of an express warranty explicitly guaranteeing future performance, or the warranty itself, we hold that the four-year limitation applies, regardless of plaintiff's lack of knowledge of the breach. (See *Eisenmann v. Cantor Brothers, Inc.* (N.D. Ill. 1983), 567 F. Supp. 1347, 1356-57.) Tender of delivery occurred in January 1977, and as this suit was filed in November 1983, we conclude that counts I and II are barred by the four-year statute of limitations found in section 2—725.

■ Plaintiff next argues that her claim, in count III of her complaint, brought under the Magnuson-Moss Warranty Act, is governed by the five-year statute of limitations in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) because it is a "civil action not otherwise provided for." We have not found any cases that determine which period of limitations should apply when an action is brought in Illinois under the Magnuson-Moss Warranty Act. While the record does not indicate which period the trial court invoked, both motions to dismiss relied on the four-year period of section 2—725 of the Uniform Commercial Code.

Since there is no specifically stated or otherwise relevant Federal statute of limitations for a cause of action under the Magnuson-Moss Warranty Act, the controlling period would ordinarily be the most appropriate one provided by State law. (See *Johnson v. Railway Express Agency* (1975), 421 U.S. 454, 462, 44 L. Ed. 2d 295, 302-03, 95 S. Ct. 1716, 1721.) However, we need not decide which of our State statutes of limitation applies because we find that, regardless of whether there is a five-year period which includes a discovery rule, or a four-year period, count III is time-barred. The most favorable result that can be ob-

tained for plaintiff under the facts alleged here would occur if this court were to invoke the five-year period and its discovery rule, which states that the statute starts to run when a person knows or reasonably should know of his injury and that his injury was wrongfully caused. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415, 430 N.E.2d 976.) Even then plaintiff's cause of action would be barred because she alleged in her complaint that she discovered in August 1978 the vehicle was defective, unsound and wholly unfit for the use for which it was purchased, 5¼ years before this suit was filed. While plaintiff now argues that she did not acquire sufficient information more than five years prior to filing suit which would put a reasonable person on inquiry as to the nature of the defects and whether a cause of action existed, the accrual of a cause of action does not await the acquisition of knowledge of facts which would alert a reasonable person to suspect that a legal duty to him had been breached. 88 Ill. 2d 407, 416, 430 N.E.2d 976.

■ Next, plaintiff argues that "the implied warranties in count III were not limited in duration because the course of dealing in this case explicitly shows the implied warranties were not intended by the parties to be limited in duration," relying on a section of the Magnuson-Moss Warranty Act which permits parties to limit, in writing, the duration of implied warranties to the duration of a written warranty. (15 U.S.C. sec. 2308(b) (1976).) Plaintiff then concludes that, as a matter of Federal law, the duration of the warranties expressly extends to future performance. We find this argument misconceived. While the Magnuson-Moss Warranty Act expressly prescribes a method for limiting the duration of implied warranties, it does not expressly or by implication provide for the extension of implied warranties to future performance by a course of dealing or otherwise. Thus, we are not persuaded by any of plaintiff's contentions on this point and conclude that count III was also properly dismissed.

We note that Volkswagen, in its appellate brief, argues that count III failed to state a cause of action, but this ground for dismissal was not raised in either motion to dismiss presented below, and we will not review Volkswagen's argument. See *Carillo v. Jam Productions, Ltd.* (1983), 97 Ill. 2d 371, 377, 454 N.E.2d 649.

■ Plaintiff next contends that an issue of material fact was raised with respect to whether the cause of action was barred by the statute of limitations and thus, according to section 2—619(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(c)), the motions to dismiss should have been denied and this matter should have been decided by a jury. However, plaintiff failed to allege a date or

dates, other than January 1977 and August 1978, that were within the period of limitations from which a cause of action could have arguably accrued, so that no issue of material fact was raised. Section 2—619(c) does not create a substantive right to a jury trial (*Berk v. County of Will* (1966), 34 Ill. 2d 588, 590-91, 218 N.E.2d 98), and in the absence of any allegations, affidavits or other proof that would create an issue of material fact, we believe that disposing of this case on motions to dismiss was proper.

■ Plaintiff's final appellate contention is that the trial court abused its discretion in denying her motion to amend the complaint because the amendment would have enabled her to sustain a cause of action.

In the motion for leave to amend presented to the trial court, plaintiff asserted that she wished to plead additional facts and causes of action and that those facts and causes would plead a waiver or estoppel in favor of plaintiff and permit the case to go on to discovery. A proposed amendment was not submitted to the trial court. A hearing was held on the motion to amend at which the motion was denied, but a transcript of that proceeding has not been presented to us, and it is plaintiff's burden to provide a sufficiently complete record of proceedings. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Plaintiff later filed a slightly different motion to amend, a proposed amendment to the complaint seeking to add a fourth count, and notice of appeal, all on the same date. The motion was never ruled on, which we presume was because plaintiff filed her notice of appeal at the same time as the motion, thereby divesting the trial court of jurisdiction to rule on the motion.

This chronology of plaintiff's filings reveals that a proposed amendment was never submitted to the trial judge for his consideration. As the trial judge was not given an opportunity to review the allegations of the proposed amendment to determine if the amendment would cure the defects of the complaint and state a valid cause of action, we believe that the trial judge properly acted within his discretion.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and LINDBERG, J., concur.