Steve BELKOW and Irene Belkow, Plaintiffs,

v.

CELOTEX CORPORATION, et al., Defendants.

No. 89 C 3049.

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1989.

William L. Martens, Nancy Caine Harbour, Southfield, Mich., Jo Ann M. Carlson, Michael B. Erp (Local counsel), Harold A. Katz, Katz, Friedman Schur & Eagle, Chicago, Ill., for plaintiffs.

John Scott Hoff, James T. Laffey, Lapin, Hoff, Spangler & Greenberg, John B. Grogan, D. Patterson Gloor, Peter J. Borzeka, Kevin G. Burke, James D. Ahern, Cassiday, Schade & Gloor, Daniel J. Cheely, Paul B. O'Flaherty, Jr., John A. Krivicich, Andrew J. Boling, Baker & McKenzie, Edward J. McCambridge, William F. Mahoney, Larry J. Crown, Segal, McCambridge, Singer & Mahoney, Howard K. Priess, II, Andrew Kopon, Jr., Jennifer J. Johnson, Kathleen M. Gibbons, Tressler, Soderstrom, Maloney & Preiss, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on the joint motion of defendants to dismiss counts III–VIII of the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiffs have responded by requesting voluntary dismissal of counts IV, VI and VII, and seek to dismiss these counts without prejudice. Defendants' Motion to Dismiss counts III, V & VIII is denied in part and granted in part. Plaintiffs may dismiss counts IV, VI and VII without prejudice.

### Background

Plaintiffs' 8–count complaint alleges that plaintiff Steve Belkow was injured as a result of repeated exposure to asbestos-containing products manufactured and distributed by the defendants. Plaintiff Steve Belkow's exposure to the products occurred from 1951 through 1979, during the course of plaintiff's employment as a carpenter and tiler. Complaint ¶ 19, 20. Plaintiff contends that the "inhalation and ingestion of asbestos, asbestos dust and asbestos fibers directly and proximately caused plaintiff Steve Belkow, to develop an asbestos related disease, including, but not limited to: Mesothelomia." Complaint ¶ 21. Each of the defendants is alleged to have manufactured, distributed or otherwise placed in the stream of commerce asbestos-containing products to be purchased and used by the public. Complaint ¶ 17.

In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Lewis v. Local Union No. 100 of Laborers' Intern. Union of North America, AFL–CIO*, 750 F.2d 1368 (7th Cir. 1984). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985).

When considering a defendant's motion to dismiss the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley*, 355 U.S. at 45, 78 S.Ct. at 102. All well-pleaded facts and allegations in the plaintiff's complaint must be taken as true, *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. "Furthermore, a complaint is not required to allege all, or any, of the facts logically entailed by the claim.... [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 727 (7th Cir.1986).

I. Defendants' Motion to Dismiss Plaintiffs' Breach of Warranty Claim

In count III, plaintiffs assert a claim for breach of all express warranties

and implied warranties of merchantability and fitness for ordinary purposes. The defendants argue that this theory of liability is time-barred by the applicable statute of limitations and furthermore, fails to satisfy appropriate notice requirements. Defendants cite Ill.Rev.Stat. ch. 26, ¶ 2–725 (1987) and its 4–year limitations period as applicable to a breach of warranty claim. Plaintiffs concede the applicability of Section 2–725 to this count of their complaint and acknowledge that, by its terms, the statute bars their claim. Plaintiffs argue, however, that a "discovery rule" is applicable to breach of warranty claims under Illinois law.

Because jurisdiction over this dispute is based on diversity of citizenship, *see* 28 U.S.C. § 1332, this court must apply Illinois' substantive law to the case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A state's statutes of limitation are considered part of its substantive law. *Anabaldi v. Sunbeam Corp.*, 651 F.Supp. 1343 (N.D.Ill.1987). Therefore, to determine whether the discovery rule applies to a breach of warranty claim, this court must examine Illinois law.

The Uniform Commercial Code ("UCC"), codified under Illinois statute, provides the statute of limitations for personal injury claims premised on a breach of implied warranty. *Berry v. G.D. Searle*, 56 Ill.2d 548, 554, 309 N.E.2d 550 (1974). The statute provides in pertinent part that:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action accrued

. . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

Ill.Rev.Stat. ch. 26, ¶ 2–725(1), (2) (1987). The statute clearly imposes a 4–year limitations period on warranty claims which commences to run upon accrual of the cause of action. The cause of action accrues upon tender of the product "regardless of the aggrieved party's lack of knowledge of the breach." Illinois courts have strictly construed this provision. *Hagen v. Richardson–Merrell, Inc.*, 697 F.Supp. 334, 341 (N.D.Ill.1988) (citing *Moorman Manufacturing Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982)).

Plaintiffs filed this action in April of 1989. According to the complaint, the last date upon which a breach could have occurred was in 1979, the year in which plaintiff Steve Belkow ceased work as a carpenter and tiler. Complaint ¶¶ 19, 20. Because plaintiffs filed this action nearly 10 years after the date upon which the last breach could have occurred, their breach of warranty claim is time-barred under Illinois law.

Despite the unequivocal language of the Illinois statute, plaintiffs urge the application of the discovery rule to their breach of warranty claim. Under the discovery rule, the plaintiffs cause of action would not have accrued until plaintiff Steve Belkow knew he was injured and that his injury may have been caused by defendants' wrongful conduct. See *Nolan v. Johns–Manville Asbestos*, 85 Ill.2d 161, 170, 52 Ill.Dec. 1, 5, 421 N.E.2d 864, 868 (1981). Thus, plaintiffs cause of action would not have accrued until sometime in 1989.

Illinois courts have consistently applied the discovery rule to strict products liability cases. *Nolan v. Johns–Manville Asbestos*, 85 Ill.2d 161, 421 N.E.2d 864 (1981); *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970); *Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 309 N.E.2d 550 (1974). "To refuse to apply the discovery rule to products liability cases 'would emasculate much of the consumer protection afforded by *Suvada v. White Motor Co.* [32 Ill.2d 612, 210 N.E.2d 182 (1965)] [the landmark 1965 Illinois products liability case].'" *Eisenmann v. Cantor Bros., Inc.*, 567 F.Supp. 1347 (1983) (quoting *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970)). The courts of Illinois have not, however, extended the discovery rule's application to breach of warranty claims. *Moorman Manufacturing Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982); *Nelligan v. Tom Cha-*

*ney Motors, Inc.*, 133 Ill.App.3d 798, 88 Ill.Dec. 826, 479 N.E.2d 439 (1985). "[T]he language of the statute as interpreted by the courts of [Illinois], clearly proscribes the application of the discovery rule in breach of warranty cases." *Nelligan v. Tom Chaney Motors, Inc.*, 133 Ill.App.3d 798, 802, 88 Ill.Dec. 826, 829, 479 N.E.2d 439, 442 (1985). Furthermore, the Illinois legislature has made its intent clear by including the discovery rule in the products liability statute of limitations, Ill.Rev.Stat. ch. 110, § 13–213(d), while rejecting its inclusion in Section 2–725.

Plaintiffs cite the Illinois Supreme court case of *Witherell v. Weimer*, 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869 (1981), to support their assertion that the discovery rule applies to breach of warranty claims. In *Witherell*, the plaintiff had waited five years after discovering that her injury was a result of actionable conduct by the manufacturer before bringing suit. The court held that all the plaintiff's claims, negligence, strict liability and breach of warranty, were barred by the applicable statutes of limitation. The issue of whether the discovery rule specifically applied to plaintiff's breach of warranty claim was neither explicitly addressed nor germane to the result the court reached.

Furthermore, if interpreted as applying the discovery rule to breach of warranty claims, *Witherell* is inconsistent with the clear language of Illinois' statute of limitations and the weight of Illinois case law. *See Moorman Manufacturing Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982); *Nelligan v. Tom Chaney Motors, Inc.*, 133 Ill.App.3d 798, 88 Ill.Dec. 826, 479 N.E.2d 439 (1985). The *Moorman* case, decided by the Illinois Supreme Court *after* the *Witherell* decision, is the court's more recent pronouncement on the applicability of the discovery rule to breach of warranty claims. *Witherell* "has been weakened if not implicitly overruled." *Hagen v. Richardson–Merrell, Inc.*, 697 F.Supp. 334, 342 (N.D.Ill.1988). Under Illinois law, the discovery rule does not apply to claims for breach of warranty and, therefore, plaintiffs' count III is dismissed.

We need not reach the question of adequate notice.

**II. Defendants' Motion to Dismiss Plaintiffs' Conspiracy Claim**

In count V, plaintiffs allege that defendants conspired to maliciously conceal knowledge of the hazards of asbestos-containing products and willfully and wantonly place into the stream of commerce instrumentalities which they knew or should have known would cause serious injury. Defendants make three arguments challenging this claim. First, defendants contend that plaintiffs' conspiracy claim does not state a viable cause of action. Second, defendants argue that if plaintiffs have made out a viable claim, the count should nonetheless be dismissed because plaintiffs have failed to link the conspiracy to an underlying unlawful act. Third, defendants challenge the sufficiency of plaintiffs' complaint, arguing that the conspiracy count has not been plead with sufficient particularity.

Under Illinois law, civil conspiracy arises where two or more persons combine to accomplish by concerted action either a lawful purpose by unlawful means or an unlawful purpose through lawful means. *Wolf v. Liberis*, 153 Ill.App.3d 488, 106 Ill.Dec. 411, 505 N.E.2d 1202, *appeal denied*, 115 Ill.2d 552, 110 Ill.Dec. 466, 511 N.E.2d 438 (1987). However, the law does not punish the civil conspiracy itself. Bare allegations of a conspiracy are, therefore, insufficient to state a civil conspiracy claim. The plaintiff must demonstrate that an act, punishable by law, was committed in furtherance of the conspiracy. *Galinski v. Kessler*, 134 Ill.App.3d 602, 89 Ill.Dec. 433, 480 N.E.2d 1176 (1985). The wrongful act and not "the conspiracy itself, is the gist of the action for damages." *Ammons v. Jet Credit Sales, Inc.*, 34 Ill.App.2d 456, 181 N.E.2d 601 (1962).

It is clear that if Illinois fails to recognize the act of conspiring to commit a tort as libelous conduct, all that is actionable is the underlying tort giving rise to the conspiracy. Therefore, a conspiracy claim such as this one, alleging a tort as the underlying wrongful act, is duplicative where the underlying tort has been plead.

The Seventh Circuit rejected a claim of conspiracy to commit a tort in *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449 (7th Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982). That court stated: "[T]here is no basis in common law thinking for a tort of conspiracy to commit a tort. If there is a conspiracy and it fails, there is no injury and hence no tort liability; if it succeeds, the damages are fully recoverable in an action on the underlying tort." *Id.* at 453.

The plaintiffs claim that defendants placed asbestos-containing products in the stream of commerce without disclosing the products' hazards. Plaintiffs' complaint contains two counts which embody claims of "failure to warn" of known or knowable dangers. Thus, plaintiffs' conspiracy claim merely duplicates earlier allegations and "gives plaintiffs' lawyers one more charge to fling at the jury in the hope that if enough charges are made the jury may accept at least one." *Cenco*, 686 F.2d at 453. Defendants motion to dismiss count V will, therefore, be granted on the ground that it fails to state a cause of action.

Furthermore, had plaintiffs' claim stated a viable cause of action, this court would have found the pleadings insufficient under Federal Rule of Civil Procedure 8. Although Rule 8(a) requires merely a "short and plain statement" of the claim, a bare allegation that a conspiracy has taken place will not satisfy the rule's requirements. *Jacobs v. Tenney*, 316 F.Supp. 151, 163–64 (D.Del.1970). "It is not enough merely to state that a conspiracy has taken place. Where possible, there should be some details of time and place and the alleged effect of the conspiracy." 2A Moore's Federal Practice ¶ 8.17[5]. Here, plaintiffs' have done no more than assert a vague allegation of conspiracy.

III. Defendants' Motion to Dismiss Plaintiffs' Prayer for Punitive Damages

In count VIII of their complaint, plaintiffs seek recovery of punitive damages, premised on defendants' alleged willful and wanton conduct. Defendants contend that the plaintiffs' ability to seek punitive damages under Illinois law was recently limited by the Illinois General Assembly in Ill.Rev.Stat. ch. 110, § 2–604.1. This statute requires a plaintiff to file a motion and obtain a hearing before requesting punitive damages. Plaintiffs assert that Ill. Rev.Stat. ch. 110, § 604.1 is procedural in nature and, threfore, inapplicable in federal diversity actions where federal procedural law governs.

This court has previously addressed this issue and upon further study maintains the position previously adopted. As stated in *Richard T. Berry v. Eagle–Picher, et al.*, 86 C 1739, 88 C 10631, 1989 WL 77764, the issue turns on whether the Illinois statute is characterized as procedural or substantive. *Berry v. Eagle–Picher, et al.*, 86 C 1739, 88 C 10631, at 2. It is well settled that federal courts sitting in diversity must apply state law to resolve substantive questions and federal law to resolve procedural questions. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If, as the defendant urges, Section 2–604.1 is viewed as a substantive provision, this court would be bound to apply the statute in this action.

In *Berry v. Eagle–Picher*, this court cited two reasons in support of its conclusion that Section 2–604.1 is a procedural provision and inapplicable in the instant case. First, § 2–604.1 is a part of the Illinois Code of Civil Procedure which governs pleading and procedure in Illinois. The section is found within the pleadings portion of the Code. Rule 8 of the Federal Rules of Civil Procedure is undisputedly a procedural provision and the federal equivalent of the state pleading section. Thus, Section 2–604.1 was designed as a procedural device.

Second, the "outcome determinative" test, applied by courts to determine whether a state law is best viewed as substantive or procedural, demonstrates that this statute is best viewed as procedural. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Byrd v. Blue Ridge Rural Elec. Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, *reh. denied*, 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958). The outcome determinative test

dictates that where the application of federal versus state law would result in an outcome different than a state court would produce, state law should be applied. The test is designed to promote the twin aims of the Erie rule, discouragement of forum-shopping and avoidance of inequitable application of the laws. *Hanna v. Plumer*, 380 U.S. at 468, 85 S.Ct. at 1142.

As stated previously in *Berry v. Eagle-Picher*, the non-application of 2–604.1 to federal diversity cases will not promote forum shopping. Section 2–604.1 requires that a plaintiff demonstrate a "reasonable likelihood of proving facts at trial sufficient to support an award for punitive damages." There is no undue burden placed on an Illinois plaintiff that would trigger forum-shopping. Indeed, a similar burden is placed on federal plaintiffs under Federal Rule 11. Rule 11 requires that counsel make a reasonable inquiry to assure that any claims made are well-grounded in fact. Thus, the dangers that the Erie doctrine seeks to avoid are not triggered by this court's decision not to adopt § 2–604.1. Ill. Rev.Stat. ch. 110, § 2–604.1 will not be applied in this action.

Defendants cite *Feinstein v. Massachusetts Gen. Hosp.*, 643 F.2d 880 (1st Cir. 1981) to support their contention that § 2–604.1 is a substantive provision. In *Feinstein*, the court held that a Massachusetts law requiring that malpractice cases first be heard by a tribunal before being the subject of a civil complaint was substantive in nature. A plaintiff who is unsuccessful before the medical tribunal must post a bond to cover defendant's costs. 643 F.2d at 885. The creation of a new liability in the form of a bond was pivotal to the court's ruling because the potential of posting a bond could trigger forum shopping. Here, however, 2–604.1 creates no new liabilities which might promote forum shopping. The statute merely requires the Illinois state courts to apply procedures different from those applicable in federal court.

### IV. Plaintiffs' Motion for Voluntary Dismissal

■ Plaintiffs seek to voluntarily dismiss counts IV, VI and VII of their complaint, and to obtain dismissal without prejudice. Plaintiffs indicate they will move to amend their complaint at a future date. Defendant Azrock requests that the dismissal be ordered with prejudice, citing its arguments in its Motion to Dismiss as support. Presumably, Azrock is suggesting that counts IV, VI and VII should be dismissed with prejudice because the counts would not withstand scrutiny under a 12(b)(6) Motion to Dismiss. However, the defendant misconceives the standard which applies to a plaintiff's motion to voluntarily dismiss a claim. Alternatively, if the court grants the plaintiffs' motion to dismiss without prejudice, Azrock requests this court to order plaintiffs to pay all Azrock's costs incurred as of the time plaintiffs filed their request for voluntary dismissal of counts IV, VI and VII.

Federal Rule of Civil Procedure 41 governs voluntary dismissals in the federal court system. Rule 41(a)(1) provides that a plaintiff may dismiss an action as a matter of right where notice of such dismissal is filed before service by the adverse party of an answer or of a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. F.R.C.P. 41(a)(1). Plaintiffs have satisfied neither condition. Therefore, to voluntarily dismiss these counts plaintiffs must comply with section (a)(2) of rule 41 and obtain an order of the court. F.R.C.P. 41(a)(2). This section provides in pertinent part:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .

F.R.C.P. 41(a)(2)

Dismissal under rule 41(a)(2) is within the sound discretion of the court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir.1980). In exercising its discretion, a court must seek to prevent prejudice to the non-moving parties, *Puerto Rico Maritime Shipping Au-*

*thority v. Leith,* 668 F.2d 465 (1st Cir.1981) (citing Wright & Miller, Federal Practice & Procedure), however, the legitimate interests of both the plaintiffs and defendants must be considered. *Nance v. Jackson,* 56 F.R.D. 463 (1972). Dismissal is typically allowed unless the defendants will suffer some legal prejudice beyond the potential for further litigation. *Westinghouse Elec. Corp. v. United Elec. Radio & Mach. Workers of America,* 194 F.2d 770 (3rd Cir.), *cert. denied,* 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362 (1952). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976).

Here, the interests of the defendants will not be prejudiced by plaintiffs' voluntary dismissal of counts IV, VI and VII. Although the defendants may witness the subsequent resurrection of these claims, as plaintiffs have indicated their intention to move to amend, the prospect of facing these resurrected claims is not sufficiently prejudicial to bar a voluntary dismissal. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir.1981) (prospect of defendants facing second lawsuit not a bar to voluntary dismissal); *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971). Similarly, any technical advantage plaintiffs may gain fails to constitute sufficient prejudice. 668 F.2d at 50. Furthermore, plaintiffs raised this motion in an early stage of the proceeding, plaintiffs have demonstrated no lack of diligence, see *Tyco Laboratories,* 627 F.2d at 56, and dismissal at this time will not have caused defendants to incur undue expense or inconvenience. Any discovery defendants have conducted will be relevant to the other claims in the lawsuit. For the reasons cited above plaintiffs' motion for voluntary dismissal is granted.

Azrock has requested that this court grant the voluntary dismissal of counts IV, VI and VII with prejudice. This decision is also within the court's discretion. 668 F.2d at 50. "Dismissal without prejudice should be permitted under the rule unless the

court finds that the defendant will suffer legal prejudice." *Id.* As previously established, this court cannot discern any way in which defendant will be unduly prejudiced, nor does defendant assert any injury. Moreover, plaintiffs appear to be acting in good faith and defendant does not assert otherwise. The plaintiffs' motion to voluntarily dismiss without prejudice is granted.

█ Defendant Azrock has requested that this court order plaintiffs to pay the defendant's "costs incurred at the time of plaintiffs' request." Rule 41(a)(2) provides that the court may attach to an order of voluntary dismissal "such terms and conditions as the court deems proper." F.R.C.P. 41(a)(2). Costs and attorney fees are considered such a condition and are imposed where necessary to protect the defendant. 668 F.2d at 47. Where dismissal is granted with prejudice, attorney fees are not a proper condition of dismissal because the defendant cannot be made to defend again. *Cauley v. Wilson,* 754 F.2d 769 (7th Cir. 1985). However, where an action is dismissed without prejudice and therefore subject to relitigation, defendant may have to defend at a later date and incur undue expense. In such a case attorney fees are typically awarded to reimburse defendant for expenses incurred in preparing work product that cannot be used in defending the resurrected cause of action. 754 F.2d at 772.

The cases addressing the issue of awarding costs and attorney fees often involve the dismissal of an entire cause of action. *Cauley v. Wilson,* 754 F.2d 769 (7th Cir. 1985); *Yoffe v. Keller Indus., Inc.,* 580 F.2d 126 (5th Cir.1978). The rationale of awarding costs is to reimburse defendants for wasted expense; work which cannot be utilized at a later date. Here, however, the plaintiff seeks dismissal of only three of eight counts and stands on the other five. Any work product defendant has generated is not wasted but useful and relevant to the rest of the litigation. Furthermore, if defendant has incurred expense for work that is wasted, it has not specified that amount. This court maintains the amount of expense cannot be great at this early date in

the proceedings. Defendant's request for costs is denied.