The READ CORPORATION and F.T. READ & SONS, INC., Plaintiffs,

v.

BIBCO EQUIPMENT CO., INC., Defendant.

**Civ. No. 90–550–M.**

United States District Court, D. New Hampshire.

Jan. 28, 1993.

---

Craig L. Staples, Concord, NH, Jack R. Pirozzolo, Boston, MA, for plaintiffs.

T. David Plourde, Manchester, NH, Michael Walsh, Boston, MA, for defendant.

## ORDER

McAULIFFE, District Judge.

*Background*

This federal question case began on December 7, 1990, when plaintiffs Read Corporation and F.T. Read & Sons, Inc. ("Read") filed a complaint alleging that defendant Bibco Equipment Company, Inc. ("Bibco") infringed upon their "Portable Screening Plant with Outfeed Conveyor" patent. Plaintiffs sought injunctive and compensatory relief.

Before the Court is plaintiffs' motion for voluntary dismissal without prejudice, under Federal Rule of Civil Procedure 41(a)(2) (document no. 34). Defendant poses a "limited objection" to the motion, insisting upon an award of substantial attorneys' fees and costs, or, alternatively, dismissal *with* prejudice.

Plaintiffs seek to voluntarily dismiss their case because defendant Bibco is no longer in business. In fact, it hasn't been active since before January 1, 1991. While its corporate status is uncertain, defendant's counsel represent that Bibco has no present intent or capacity to resume business, and no improvement in that outlook is reasonably likely.

Read's counsel first learned of Bibco's defunct status at a pretrial settlement conference in September of 1992, nearly two years into the case. Read promptly filed its Motion for Voluntary Dismissal on October 2, 1992.

Plaintiffs are naturally uninterested in pursuing expensive litigation against a defendant unable to pay a judgment, and incapable of continuing infringing activity. But curiously, the near-dead if not actually dead Bibco chooses to fight on, despite the substantial expense of litigation, rather than concede a "without prejudice" dismissal to plaintiffs. Defendant Bibco is apparently willing to compromise by agreeing to a dismissal without prejudice, if plaintiffs pay their attorneys' fees to date, an amount in excess of $130,000.

*Discussion*

A. Judicial Discretion Under Rule 41(a)(2)

 Voluntary dismissal under Rule 41(a)(2)[1] is a matter within the sound dis-

---

**1.** Rule 41(a)(2) provides that
[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court

*and upon such terms and conditions as the court deems proper ....* Unless otherwise specified in the order, a dismissal under this

cretion of a district court, *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir.1990), including whether to grant dismissal with or without prejudice. *Holbrook v. Anderson Corp.*, 130 F.R.D. 516, 519 (D.Me.1990) (citing *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.1961), *cert. denied*, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961)). Where substantial prejudice is lacking, the district court should normally exercise its discretion by granting a motion for voluntary dismissal without prejudice. *See* 5 Moore's Federal Practice ¶ 40.05 n. 53, at 41–63 (2d ed.1992) (citing cases). Similarly, whether to impose costs and attorneys' fees as a condition of voluntary dismissal under Rule 41(a)(2) lies within the court's discretion, *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 51 (1st Cir.1981), and is not a prerequisite to granting voluntary dismissal. *Stevedoring Services of Amer. v. Armilla*, 889 F.2d 919, 921 (9th Cir.1989).

### B. Application of Rule 41(a)(2)

■ In establishing the terms of dismissal under Rule 41(a)(2), a court should consider the legitimate interests of both the plaintiff and the defendant. *Nance v. Jackson*, 56 F.R.D. 463, 471 (D.Ala.1972). Here, defendant Bibco's "out of business" status has rendered it completely unable to satisfy any judgment, and precludes any risk of continuing infringement. Nonetheless, it insists on dismissal conditioned upon an award of attorneys' fees and costs in excess of $130,000, or, alternatively, dismissal with prejudice. Counsel for Bibco also represents Powerscreen International, Plc., a Northern Ireland corporation which is apparently interested in the outcome of this litigation, but is beyond the Court's jurisdictional reach. (Through counsel it declined the Court's invitation to voluntarily join this case as a named party defendant.) Counsel for Bibco candidly informed the Court during argument that

despite its inoperative status, Bibco has managed the expense of litigation over the past few years through the generous donations of a "third party."

Read, on the other hand, understandably seeks a dismissal without prejudice to future litigation, in order to preserve its right to defend its patent should Bibco experience a miraculous economic recovery and resume its alleged infringing conduct.

■ Since Bibco's primary concern is an award of attorneys' fees, the Court will first assess that claim. The purpose of the reimbursement provision in Rule 41(a)(2) is to compensate a party for legal work which is rendered unnecessary by virtue of the dismissal. *Belkow v. Celotex Corp.*, 722 F.Supp. 1547, 1553 (N.D.Ill.1989). Costs and attorneys' fees are awarded where necessary to protect a defendant. *Puerto Rico Maritime Shipping*, 668 F.2d at 51. In particular, an award of attorneys' fees is appropriate when an action is dismissed without prejudice, and subject to relitigation, in order to "reimburse defendant for expenses incurred in preparing work product that cannot be used in defending the resurrected cause of action." *Belkow*, 722 F.Supp. at 1553 (citing *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985)).[2]

Here, Bibco's litigation expenses would present a classic case of self-inflicted wounds, had Bibco actually been paying its own expenses. A brief telephone call to opposing counsel two years ago would undoubtedly have produced the same result—a swift motion for voluntary dismissal, saving both plaintiffs and Bibco (and its benefactor) substantial sums. Perhaps if Bibco *had* been paying its own legal fees, it may well have informed Read of its "out of business" status at an earlier date. In any event, it soon would have become apparent.

While the normal course is to grant dismissal without prejudice on condition that the dismissing plaintiff reimburse defen-

---

paragraph is without prejudice. (emphasis added).
Fed.R.Civ.P. 41(a)(2).

2. *See, e.g., GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C.Cir.1981) (defendant enti-

tled to reimbursement where plaintiff is granted voluntary dismissal without prejudice in one forum so can pursue an action against the defendant in another forum).

dant for costs and reasonable attorneys' fees, *see* Moore's Federal Practice ¶ 41.06 n. 1, at 41–74, the purpose of the reimbursement provision would hardly be served by an award in this case, since defendant Bibco could have easily saved itself most, if not all costs of this litigation, and, since Bibco never actually expended its own money on attorneys' fees. In reality it undertook no burden heavier than that of someone else's stalking horse. In addition, the prospect of a "resurrected cause of action" against Bibco is slight, since it declares no present intent to resume operations.[3]

Plaintiffs brought this action in good faith to defend their patent rights. They seek voluntary dismissal not because they believe their claims are in error, or because they plan to refile in a more convenient forum, but because half their goal has been achieved (Bibco cannot infringe if it is defunct). With regard to the other half, recovering money damages, plaintiffs now recognize Bibco as a judgment-proof shell, and plaintiffs are willing to concede that Bibco's infringing activity probably gave rise to only minimal economic loss.

■ A dismissal without prejudice is also warranted, unless the defendant will suffer prejudice beyond the prospect of a second lawsuit or a technical advantage. *Puerto Rico Maritime Shipping,* 668 F.2d at 50. In this case, the prospect of a second lawsuit is almost entirely dependant upon Bibco; if it is resurrected and continues the allegedly infringing activity, a second lawsuit may well be brought. But the remote possibility of this happening does not warrant granting dismissal with prejudice. *Id.*

A finding of good faith on the part of plaintiffs is relevant in evaluating whether defendant has or will suffer substantial prejudice. *Id.* There is certainly no evidence of bad faith on plaintiffs' part. They actually may feel ill-used by Bibco's knowing silence, for two years, regarding its

defunct status. I find plaintiffs acted in good faith in bringing and in seeking to voluntarily dismiss their case. Dismissal with prejudice is far too much to ask under these circumstances.

*Conclusion*

Plaintiffs' Motion to Dismiss (document no. 34) is granted, without prejudice and without the imposition of costs or attorneys' fees. Defendant Bibco's Motion for Order Compelling Discovery (document no. 30) is denied, since it has been rendered moot by this Order of Dismissal.

SO ORDERED.

---

**3.** The Court has not been fully informed of Bibco's exact corporate status. At oral argument, counsel for Bibco indicated that Bibco had ceased operations and had no intent of resuming operations, since its president had retired and had been in poor health. This representation, while adequate for purposes of deciding this motion, cannot be expected to quell plaintiffs' fear that Bibco could resume operations one day, perhaps under the direction of another party, and resume its allegedly infringing activity.