Balch v. Specialized Bicycle Compon.  CV-98-611-JD  10/31/00
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Ben Balch, by his best friend</u>
<u>and next of kin, Connie Balch</u>

   v.                                    Civil No. 98-611-JD
                                        Opinion No. 2000 DNH 232
<u>Specialized Bicycle Components, Inc.</u>


<u>O R D E R</u>


    Ben Balch, by his best friend and next of kin, Connie Balch,
brought a personal injury action in diversity against Specialized
Bicycle Components, Inc. ("Specialized").  Specialized
subsequently filed a third party complaint against two Taiwanese
companies, Joy Industrial Company ("Joy") and Merida Industries
("Merida").  After Balch decided to add a New Hampshire
defendant, which would destroy the federal court's jurisdiction,
he filed a lawsuit in New Hampshire state court in March of 2000.
Balch and Specialized now move to dismiss the action in this
court, but they also request additional relief.

    Specialized incurred costs in serving the third party
defendants in this action, and Balch and Specialized move the
court to order the third party defendants to pay these costs
because they did not accept or waive service.  Balch and
Specialized also request the court to enjoin the third party
defendants from raising the defenses of lack of personal
jurisdiction and insufficient service of process in the New

Hampshire state court proceedings. Joy has not filed an objection. Merida does not object to dismissal of the lawsuit, but it does object to paying Specialized's service costs and to any restriction on its ability to assert affirmative defenses in state court. Merida does not request an award for its costs.

Rule 41(a)(2) governs voluntary dismissal by court order of an action after the defendant has filed an answer and if the parties have not signed a stipulation of dismissal. See Fed. R. Civ. P. 41(a)(2).[1] The court may impose terms and conditions on such a dismissal. See id. However, the court's ability to impose conditions is intended to cure any prejudice caused the defendant by the plaintiff's voluntary dismissal. See Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000); Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961). Accordingly, "voluntary dismissals are often conditioned on the payment of the defendant's costs," not the other way around. Puerto Rico Mar. Shipping Auth. v. Leith, 668 F.2d 46, 51 (1st Cir. 1981); see Read Corp. v. Bibco Equip. Co., 145 F.R.D. 288, 290 (D.N.H. 1993). Furthermore, Specialized has not shown the

---

[1]Rule 41(a)(2) reads in part, "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).

2

court that it is entitled to costs of service under Federal Rule of Civil Procedure 4.

Likewise, the inability of a defendant to raise certain defenses in state court is prejudicial to the defendant and is a factor weighing against voluntary dismissal without prejudice. See Puerto Rico Mar. Shipping Auth., 668 F.2d at 50-51. Here, the plaintiff and third party plaintiff ask the court to place such a restriction upon the third party defendants. Even if the court had the authority to enjoin the third party defendants from raising certain defenses in the state court – an issue the court does not address here – placing such a prejudicial burden on the third party defendants would violate the purpose of Rule 41(a)(2).

## Conclusion

The motion for voluntary dismissal pursuant to Rule 41(a)(2) (document no. 20) is granted to the extent that the complaint and third party complaints are dismissed without prejudice, but is otherwise denied. The clerk is instructed to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 31, 2000
cc:  Cathryn C. Nunlist, Esquire
     Steven E. Hengen, Esquire
     Edwrads M. Kaplan, Esquire
     Karen Frink Wolf, Esquire

3