NO. 5-96-0859

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THELMA J. HUTSON,                )  Appeal from the

                                 )  Circuit Court of

     Plaintiff-Appellant,        )  Effingham County.

                                 )

v.                               )  No. 95-L-63

                                 )

CHRIS HARTKE, d/b/a HARTKE       )

ENTERPRISE, a/k/a HARTKE         )

HOG FARM,                        )  Honorable

                                 )  Dennis E. Middendorff,

     Defendant-Appellee.         )  Judge, presiding.

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

The plaintiff appeals from a circuit court order finding her cause to be barred by the statute of limitations and dismissing her complaint with prejudice.

The plaintiff, Thelma Hutson, began working for the defendant, Hartke Hog Farm, in 1991.  On August 30, 1993, Thelma had been working in Hartke's farrowing barn for 15 minutes when she noticed a strong ammonia odor and almost blacked out.  Thelma was able to escape the strong fumes and make it outside without fainting.  The ammonia fumes caused a burning sensation in Thelma's nose and throat.

Ammonia is apparently a natural byproduct of hog waste and therefore is often found in hog barns.  The ammonia fumes tend to be the strongest when the waste pits are full.  The plaintiff admitted, however, that she had never experienced ammonia fumes as strong as those present on that day.  

Thelma proceeded to wash her face and get a drink of water.  When she reentered the barn to finish her work, Thelma wore a paper mask to cover her mouth and nose.  By the end of the work day on August 30, 1993, Thelma began developing a cough.  The next morning, on August 31, 1993, Thelma had a sore, scratchy throat.  Thelma then informed Hartke of her encounter the previous day with the strong ammonia fumes and told Hartke that she believed that the fumes might have caused her cough and sore throat.  Hartke apparently told the plaintiff that the strong fumes could have been the result of a malfunction with the pit fan.

Thelma's cough got worse on August 31, 1993,  prompting her to take cough medicine that evening.  The coughing progressively worsened.  On September 8, 1993, Thelma left work due to her cough and was admitted to the hospital emergency room.  Thelma told the doctor that she suspected the cough was the result of the ammonia fumes she breathed at work on August 30, 1993.  The doctor diagnosed Thelma with pneumonia.

Thelma stayed in the hospital until September 11, 1993, and continued to battle the pneumonia for several weeks thereafter.  As a result of the pneumonia bout, Thelma was informed that her bronchial tubes were permanently weakened.

The plaintiff filed a complaint on August 31, 1995, alleging injury caused by ammonia fumes as a result of the defendant's negligence in not providing adequate ventilation in the farrowing barn.  The defendant filed a motion to dismiss on statute of limitations grounds pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1992)).  

On November 6, 1995, the trial court granted the defendant's section 2-619 motion to dismiss.

The trial court's order provided:

"The Plaintiff complains of injury arising from a single traumatic event which allegedly occurred on August 30, 1993.  As such, the complaint filed on August 31, 1995[,] was filed beyond the statute of limitations.  Cause dismissed with prejudice." 

On appeal, the plaintiff contends that her complaint was timely filed because her cause of action did not accrue until she first learned that her injury may have been wrongfully caused, 
i.e.
, on September 8, 1993, or at the earliest, August 31, 1993.

The standard of review of a trial court's order on a motion to dismiss is 
de novo
.  
Benbenek v. Chicago Park District
, 279 Ill. App. 3d 930, 932, 665 N.E.2d 500, 502 (1996).

Section 13-202 of the Code of Civil Procedure requires:

"Actions for damages for an injury to the person *** shall be commenced within 2 years next after the cause of action accrued ***."  735 ILCS 5/13-202 (West 1992). 

A cause of action for personal injuries generally accrues at the time the plaintiff is injured.  
Golla v. General Motors Corp.
, 167 Ill. 2d 353, 360, 657 N.E.2d 894, 898 (1995).  In the past, a limitations period was not tolled simply because the plaintiff was unaware of the existence of an injury.  167 Ill. 2d at 360, 657 N.E.2d at 898.  The harshness of that traditional rule meant that a plaintiff could be barred from bringing suit before she was ever aware that she had an injury.  

To alleviate the harsh effect of the traditional rule, our supreme court adopted the "discovery rule" in 
Rozny v. Marnul
, 43 Ill. 2d 54, 72-73, 250 N.E.2d 656, 665-66 (1969).  The discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused.  
Golla
, 167 Ill. 2d at 361, 657 N.E.2d at 898, citing 
Jackson Jordan, Inc. v. Leydig, Voit & Mayer
, 158 Ill. 2d 240, 249, 633 N.E.2d 627, 630-31 (1994).  That is, when it reasonably appears that an injury was wrongfully caused, the plaintiff becomes obligated to inquire further to determine whether an actionable wrong was committed.  
Nolan v. Johns-Manville Asbestos
, 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868.  

Our supreme court has further indicated that when the injury is caused by a sudden, traumatic event, the cause of action accrues and the statute of limitations begins to run on the date the injury occurs.  
Golla
, 167 Ill. 2d at 361, 657 N.E.2d at 899, citing 
Williams v. Brown Manufacturing Co.
, 45 Ill. 2d 418, 261 N.E.2d 305 (1970).

"The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved."  
Golla
, 167 Ill. 2d at 363, 657 N.E.2d at 899.

Generally, whether plaintiff knew or reasonably should have known of her injury and that it was wrongfully caused are issues of fact to be decided by the fact finder.  
Saunders v. Klungboonkrong
, 150 Ill. App. 3d 56, 61, 501 N.E.2d 882, 886 (1986).

However, if only one conclusion can be drawn from the undisputed facts, then the timeliness of the plaintiff's complaint becomes a question of law for the court to determine.  
Nolan
, 85 Ill. 2d at 171, 421 N.E.2d at 868-69.

In this case, Thelma entered the farrowing barn on August 30, 1993, and was overcome by ammonia gas fumes to the point of nearly fainting.  Thelma experienced immediate burning in her nose and throat.  She indicated in her deposition testimony that such a high level of ammonia was out of the ordinary.  Thelma further indicated that she developed a cough that same day, which subsequently led to her bout with pneumonia.

We are satisfied that the plaintiff underwent a sudden, traumatic event on August 30, 1993, which put her on notice of a reasonable possibility that her injury was wrongfully caused.

The plaintiff argues that she was not diagnosed with pneumonia until September 8, 1993, and therefore the statute of limitations should not have started running on August 30.

In 
Golla
, our supreme court rejected a plaintiff's argument that the statute of limitations should be tolled until the plaintiff knew that she was "seriously" injured.  The court explained:

"The plaintiff, in effect, urges this court to adopt a rule that would toll the running of the statute of limitations until the plaintiff perceived herself to be `seriously' injured.  She claims that a plaintiff's subjective determination that a particular injury is 
de minimis
, and not worth suing for, is a legally sufficient basis to suspend the statute of limitations until the plaintiff subjectively decides that her injuries are serious enough to warrant a lawsuit.  We concede that adoption of such a subjective test would give plaintiffs a greater opportunity to seek legal redress against an alleged wrongdoer.  Adoption of such an approach, however, eliminates the statute of limitations as a viable defense and undermines the purposes underlying the statute of limitations."  
Golla
, 167 Ill. 2d at 369, 657 N.E.2d at 902.

The significance of what is meant here by the term "injury" is paramount.  The law recognizes an injury to be "the invasion of any legally protected interest."  
Nolan
, 85 Ill. 2d at 171, 421 N.E. 2d at 868, citing Restatement (Second) of Torts §7 (1965) (definition of injury).  

Thus, the knowledge of a possible invasion of one's legally protected interests is to be distinguished from the knowledge of physical harm.

The limitations period commences when the plaintiff is initially injured, rather than when she realizes the full extent of her injuries.  
Golla
, 167 Ill. 2d at 364, 657 N.E.2d at 900, citing 
Hyon Waste Management Services, Inc. v. City of Chicago
, 214 Ill. App. 3d 757, 762-63, 574 N.E.2d 129, 132 (1991).  

Here, the plaintiff concedes in her brief and her deposition testimony that her symptoms--coughing, along with a burning nose and throat--started the day she was overcome by the ammonia fumes.  The fact that Thelma was not at that time aware of the full extent of the injury that the ammonia fumes would cause is immaterial.  It is sufficient that she experienced an identifiable episode which irritated her nose and throat and started a pattern of coughing that subsequently worsened and continued for weeks.

The plaintiff further contends that the limitations period could not have commenced on August 30, 1993, because she had no idea at that time that the intense ammonia fumes were wrongfully caused.

"In determining when a plaintiff knew or reasonably should have known that his injury was caused by a defendant's wrongful conduct, courts often look to the nature of the injury itself." 
Saunders v. Klungboonkrong
, 150 Ill. App. 3d 56, 60, 501 N.E.2d 882, 885 (1986).

A plaintiff knows or should know that an injury was "wrongfully caused" when she attains "`sufficient information concerning his [her] injury to put a reasonable person on inquiry to determine whether actionable conduct is involved.'"  150 Ill. App. 3d at 60, 501 N.E.2d at 885, citing 
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980-81 (1981).  The plaintiff need not have knowledge of a specific defendant's negligent conduct or know that an 
actionable
 wrong was committed. 
Saunders
, 150 Ill. App. 3d at 59, 501 N.E.2d at 885, citing
 Nolan
, 85 Ill. 2d at 170-71, 421 N.E.2d at 868.   

Were knowledge of negligent conduct the standard, "a party could wait to bring an action far beyond a reasonable time when sufficient notice has been received of a possible invasion of one's legally protected interests."  
Nolan
, 85 Ill. 2d at 171, 421 N.E.2d at 868.  We do not wish to be misunderstood.  In some types of cases, the awareness of a physical problem carries with it the awareness of a wrongful causation, and the running of the limitations period begins.  In some cases, a person may have the knowledge of a physical problem without the knowledge of any "wrongful cause".  In such cases, the limitations period does not begin to run until a reasonable person would or should know of a wrongful cause.  
Roper v. Markle
, 59 Ill. App. 3d 706, 711, 375 N.E.2d 934, 938 (1978).  

We believe that a plaintiff is on notice that an injury has been "wrongfully caused" when a reasonable person would know or should know that something out of the ordinary or unnatural caused an "injury" (an invasion of a legally protected interest).  At that point she possesses sufficient knowledge to be placed on inquiry, and the statute of limitations begins to run.

Thelma admitted that the ammonia levels in the barn on August 30, 1993, were extraordinarily high, such that she was immediately forced out of the building.  She nearly passed out.  She subsequently informed her boss of the problem.  

Under the circumstances, we find that the only conclusion to be drawn from the undisputed facts is that the plaintiff's complaint was untimely when filed on August 31, 1995.  We realize that this result may seem harsh.  It, however, is the result required by the laws of this state and the admissions made by the plaintiff in her deposition.

For the foregoing reasons, the order of the circuit court is hereby affirmed.

Affirmed.

KUEHN, P.J., and HOPKINS, J., concur.