FIRST DIVISION

May 8, 2000

No. 1-98-4458

MARSHALL LOWE, as Special Adm'r of the Estate of Candace V. Lowe,

Plaintiff-Appellant,

v.

FORD MOTOR COMPANY, a Foreign Corporation, and COLON-COLLINS FORD, INC., a Foreign Corporation,

Defendants-Appellees

(Crystal Lake Tire and Battery, Inc., an Illinois Corporation,

Respondent in Discovery).

))

))

))

))

))

))

))

)

Appeal from the

Circuit Court of

Cook County

Honorable

Michael J. Hogan,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

The plaintiff, Marshall Lowe, brought an action against the defendants, Ford Motor Company and Colon-Collins Ford, Inc., seeking damages allegedly caused by a defective automobile manufactured by Ford and sold to the plaintiff by Colon-Collins Ford.  The trial court granted defendants' motion to dismiss pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 1996)) on the ground that the action was barred by the statute of limitations.  We affirm.

Plaintiff's daughter, Candace Lowe (decedent), was killed on August 9, 1993, when she lost control of her 1984 Ford Bronco II causing it to roll over.  On August 8, 1997, plaintiff brought an action against Ford Motor Company and Colon-Collins Ford, Inc.  Plaintiff alleged that his daughter's death resulted from a defectively designed vehicle.  In his complaint, plaintiff alleged five claims including: (1) breach of express warranty; (2) breach of implied warranty; (3) violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act)(815 ILCS 505/1 
et seq.
 (West 1996)); (4) negligence; and (5) strict liability. 

Ford Motor Company brought a motion to dismiss the complaint pursuant to section 2-

619(a)(5) (735 ILCS 5/2-619(a)(5) (West 1996)).  Ford contended plaintiff had filed his complaint after the statute of limitations had expired.  In response, plaintiff admitted that the statute of limitations periods had expired for the various alleged causes, but asserted that the statutes were tolled by the fraudulent concealment doctrine.  735 ILCS 5/13-215 (West 1997).  Plaintiff alleged that Ford engaged in affirmative acts to fraudulently conceal the defects in the Bronco II automobile.  Plaintiff alleged that this concealment began before the vehicle was manufactured and continued at least through the time he was made aware of the existence of his claim in 1997.

On May 20, 1998, the trial court granted Ford's motion to dismiss plaintiff's first amended complaint and granted him leave to file a second amended complaint.  On October 30, 1998, the trial court granted Ford's motion to dismiss plaintiff's second amended complaint based upon the statute of limitations.  The court ruled that plaintiff's cause of action was time-barred and dismissed plaintiff's second amended complaint with prejudice.  This appeal followed.

A motion to dismiss admits all facts well-pleaded in the plaintiff's complaint.  
Village of Riverwoods v. BG Ltd. Partnership
, 276 Ill. App. 3d 720, 724, 658 N.E.2d 1261, 1265 (1995).  The standard of review for involuntary dismissal based upon certain defects or defenses under section 2-619 is 
de novo
.  
Health Cost Controls v. Sevilla, 
307 Ill. App. 3d 582, 586, 718 N.E.2d 558, 562 (1999). 

Under the Illinois Code of Civil Procedure, the statutes of limitation for personal injury and product liability claims require that such lawsuits generally be commenced within two years of the date on which the cause of action accrued.  735 ILCS 5/13-202, 13-213(d) (West 1998). The mechanical application of the statute of limitations could bar plaintiffs from bringing suit before the plaintiff was even aware that he was injured.
  Golla v. General Motors Corp
., 167 Ill. 2d 353, 360, 657 N.E.2d 894, 898 (1995).  
To alleviate the harsh consequences that would flow from literal application of the limitations period, the judiciary created the "discovery rule."  
Golla
, 167 Ill. 2d at 360, 657 N.E.2d at 898.  
The effect of the discovery rule is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.  See 
Nolan v. Johns-Manville Asbestos,
 85 Ill. 2d 161, 169, 421 N.E.2d 864, 868 (1981).

 
 
 In determining when a plaintiff reasonably should have discovered the possibly wrongful causation of an injury, the courts have distinguished between a sudden traumatic injury and an injury with an insidious onset.  
Hauk v. Reyes
, 246 Ill. App. 3d 187, 192, 616 N.E.2d 358, 360 (1993).  Our supreme court has indicated that when the injury is caused by a sudden, traumatic event, the cause of action accrues and the statute of limitations begins to run on the date the injury occurs. 
 Golla
, 167 Ill. 2d at 362, 657 N.E.2d at 899; 
Hutson v. Harte
, 292 Ill. App. 3d 411, 413, 686 N.E.2d 734, 736 (1997).  Therefore, a traumatic event alone puts a person on notice of a reasonable possibility that his injury was wrongfully caused.  
Hutson
, 292 Ill. App. 3d at 413, 686 N.E.2d at 737.  "The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved."
(footnote: 1)  Golla
, 167 Ill. 2d at 363, 657 N.E.2d at 899. 

In this case, decedent was involved in a one-car accident where her car rolled over and killed her.  This is certainly a sudden, traumatic event which should prompt some investigation by the injured party and trigger the application of the discovery rule.  See 
Lutes v. Farley
, 113 Ill. App. 3d 113, 115, 446 N.E.2d 866, 868 (1983); 
Hauk
, 246 Ill. App. 3d at 192, 616 N.E.2d at 360-61, citing
 Urchel v. Holy Cross Hospital
, 82 Ill. App. 3d 1050, 403 N.E.2d 545 (1980) (
courts have held that a traumatic event such as an automobile accident should prompt investigation by the injured party). 
We conclude that the accident was sudden and traumatic.  Therefore, once plaintiff was aware of an injury and its possible cause, he was aware of his right to sue.  See 
Golla
, 167 Ill. 2d at 371, 657 N.E.2d at 903.
  Since the accident was a traumatic event, the two-year statute of limitations began to run at the time of the accident.  Plaintiff failed to file his complaint until four years after the accident.  Therefore, the trial court properly dismissed plaintiff's second amended complaint pursuant to section 2-619.

Plaintiff argues that he failed to meet the statute of limitations because Ford fraudulently concealed information concerning the defects in the design of the Bronco II.  Fraudulent concealment is an express exception to the statute of limitations which provides that if a defendant has fraudulently concealed the existence of a cause of action, the plaintiff is allowed five years within which to bring suit after he discovers the cause of action.
  Tate v. Beverly Chrysler Plymouth
, 182 Ill. App. 3d 830, 836, 538 N.E.2d 663, 667 (1989); 735 ILCS 5/13-215 (West 1996).  Specifically, the statute states: 

"§13-215.  Fraudulent concealment.  If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards."  725 ILCS 5/13-215 (West 1996).

In 
Hauk v. Reyes
, 246 Ill. App. 3d 187, 616 N.E.2d 358 (1993), for example, the court determined that plaintiffs adequately set forth an affirmative act of fraudulent concealment by their allegations that defendant backdated his final X-ray report in order to conceal his failure to diagnose an unstable fracture in plaintiff's back and his failure to recommend further X rays, thereby intentionally misleading plaintiff into believing that his actions had been appropriate.  

Again, when the injury is caused by a sudden traumatic event, as in the case at bar, the injured party is put on notice that the injury may have been wrongfully caused.  At the time of the accident, therefore, the injured party becomes aware of his right to sue and the statute of limitations begins to run.   See 
Golla
, 167 Ill. 2d at 362, 657 N.E.2d at 899.  Our courts have been clear that section 13-215 is applicable only where the concealment of a cause of action consisted of affirmative acts or representations
 that prevent the discovery of the cause of action
. 
 Hauk
, 246 Ill. App. 3d at 194, 616 N.E.2d at 362.  Since plaintiff was aware of his right to sue at the time of the accident, his claim that Ford fraudulently concealed the possibility of a cause of action is without merit.  

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.

FOOTNOTES
1:
In 
Golla
, 167 Ill. 2d at 371, 657 N.E.2d at 903, our supreme court stated:

"We reject the contention that the 'sudden, traumatic event' rule, * * * is harsh and inequitable to plaintiffs.  That rule, in harmony with the statute of limitations, encourages plaintiffs to diligently pursue and investigate a possible cause of action.  Once a plaintiff has notice of a physical injury arising from a sudden, traumatic event, she, like other tort claimants, must determine whether or not to file suit."