Rule 23 Order filed
 NO. 5-99-0135

August 16, 2000;

Rehearing granted
 IN THE

September 20, 2000;

Opinion filed
 APPELLATE COURT OF ILLINOIS

April 17, 2001.

FIFTH DISTRICT

________________________________________________________________________

EVA RENEE SPANGENBERG, )  Appeal from the

As Special Administrator of the Estate of   )  Circuit Court of

Frank A. Spangenberg, Deceased, )  Fayette County.

 )

     Plaintiff-Appellant, )

)

v. )  No. 98-L-7 

)

DAVE VERNER, d/b/a Archway Skydiving )

Center and d/b/a Freedom Aviation, and S.S.E. )

INC., )

)

     Defendants, )

)

and )

)

THE VANDALIA PARK DISTRICT, )  Honorable

)  John W. McGuire,

     Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

On May 24, 1997, Frank Spangenberg was killed in a skydiving accident.  Spangenberg rented equipment from Archway Skydiving Center (Archway), which is located at the Vandalia Municipal Airport (airport).  The Vandalia Park District (Park District) is a municipal corporation that owns the airport.  Archway provided the airplane to transport Spangenberg to the jump site.  Spangenberg jumped from the plane at approximately 13,000 feet, his chute failed to open, and he fell to his death.  

Frank Spangenberg's widow, Eva (plaintiff), filed a five-count complaint against the Park District; Dave Verner, doing business as Archway Skydiving Center and doing business as Freedom Aviation; and the parachute manufacturer, S.S.E. Inc.  Counts III and V of plaintiff's complaint alleged that the Park District, as the owner of the airport, failed to adequately supervise and monitor the activities of the fixed-base operator at the airport, failed to adequately investigate the activities of Archway, negligently renewed Archway's lease, and failed to select an appropriate fixed-base operator to run the airport.  The trial court granted the Park District's motion to dismiss counts III and V.  

The court ruled that three separate sections of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) provide bases for the dismissal of count III.  The court found that contracting with a fixed-base operator to operate and supervise activities at the airport was a discretionary act, which made the Park District immune from liability pursuant to section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 1998)).  Additionally, the court found that sections 3-108 and 3-109 of the Tort Immunity Act (745 ILCS 10/3-108 (West 1996); 745 ILCS 10/3-109 (West 1998)) provided immunity for the Park District as to count III.  Finally, the court held that sections 2-201 and 3-108 provided immunity to the Park District for the allegations of count V.  Plaintiff appeals the trial court's ruling.  We affirm in part, and we reverse and remand in part.  

The Park District asks that, before we consider the merits of plaintiff's appeal, we strike certain portions of plaintiff's brief.  In particular, the Park District contends that plaintiff failed to comply with Illinois Supreme Court Rules 341(e)(1), (3), and (6) (134 Ill. 2d Rs. 341(e)(1), (3), (6)).  The Park District argues that the points and authorities section of plaintiff's brief violates Rule 341(e)(1) because it does not include the headings of the points and subpoints of the argument and does not list the law to which plaintiff cites in the order in which the citations appear in the brief.  The Park District also argues that plaintiff's brief violates Rule 341(e)(3) because the statement of the issues presented for review is not a concise itemization of the issues on review.  Additionally, the Park District argues that plaintiff's statement of facts is replete with argumentative, conclusory allegations that are without evidentiary support and thus violate Rule 341(e)(6).  

The Park District's argument is well-taken because plaintiff's brief does deviate from the supreme court rules in certain instances.  However, plaintiff's brief does comply with the rules in other regards, and none of the violations of the rules are so flagrant as to hinder or preclude review.  See 
James v. Yasunaga
, 157 Ill. App. 3d 450, 452, 510 N.E.2d 531, 533 (1987).  Therefore, we will not strike plaintiff's brief in whole or in part.  However, in reviewing this appeal, we will disregard any inappropriate statements.  

The standard of review of a trial court's order on a motion to dismiss is 
de novo
.  See 
Hutson v. Hartke
, 292 Ill. App. 3d 411, 413, 686 N.E.2d 734, 736 (1997).  

The Park District argues that it is immune under section 3-108(a) of the Tort Immunity Act (745 ILCS 10/3-108(a) (West 1996)).  That section, which has been amended since the accident, provided at the time of the accident:

"Except as otherwise provided by this Act and subject to subdivision (b)[,] neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property."  745 ILCS 10/3-108(a) (West 1996).  

The word 
supervision
 includes coordination, direction, oversight, implementation, management, superintendence, and regulation.  See 
Dixon v. Chicago Board of Education
, 304 Ill. App. 3d 744, 747, 710 N.E.2d 112, 115 (1999).  Moreover, since the 1997 version of section 3-108(a) did not limit the immunity to acts of negligence only, the statute immunized liability for both negligence and willful and wanton misconduct.  See 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 392, 665 N.E.2d 808, 815 (1996).

Plaintiff's complaint alleges that the Park District failed to supervise a certain fixed-base operator and a skydiving operation at the airport.  Plaintiff points out that the Park District is required to supervise the airport in order to remain certified with the Illinois Department of Transportation Division of Aeronautics and in order to operate the airport.  See 92 Ill. Adm. Code §14.685 (1996).  Plaintiff argues that the legislature did not intend section 3-108(a) to include immunity for State-mandated supervisory functions and instead applies only to discretionary acts of supervision.  Although we agree that the Park District's supervisory function is expressly mandated, we reject plaintiff's theory.

Section 3-108(a) immunizes a local governmental entity's failure to supervise an activity on public property.  The statute does not limit immunity to discretionary supervision.  The court should seek the legislative intent of a statute primarily from the language of the statute.  See 
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 387, 712 N.E.2d 298, 302 (1998).  In 
Epstein v. Chicago Board of Education
, 178 Ill. 2d 370, 379, 687 N.E.2d 1042, 1047 (1997), the supreme court stated that section 3-108(a) "constitutes a carefully crafted and limited exception to liability, which bars plaintiffs' claims against local governmental units for their failure to supervise the activities of others."  The court went on to hold that courts must not read conditions into the Tort Immunity Act that conflict with its plain language.  See 
Epstein
, 178 Ill. 2d at 380, 687 N.E.2d at 1047.  

Allegation 7(a) of counts III and V of plaintiff's complaint involves defendant's supervisory function, where it states that defendant failed to adequately supervise and monitor the activities of the fixed-based operator.  Therefore, we cannot find that the trial court erred in dismissing allegation 7(a) in counts III and V on grounds of section 3-108(a) immunity.  

We now turn to section 2-201 of the Tort Immunity Act, which provides:

"§ 2-201.  Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2-201 (West 1998).

A local public entity is not liable for the injury resulting from an act or omission of its employee where the employee is not liable.  See 745 ILCS 10/2-109 (West 1998).  Thus, any protection afforded the public employee here would extend to the Park District.  See 
Greeson v. Mackinaw Township
, 207 Ill. App. 3d 193, 565 N.E.2d 695 (1990).  Moreover, section 2-201 immunizes liability for both negligence and willful and wanton misconduct.  See 
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 196, 680 N.E.2d 265, 273 (1997). 

Here, we must determine whether the circuit court properly granted defendant's motion to dismiss counts III and V based on section 2-201.  Because we have already determined that allegation 7(a) of counts III and V, which concerns supervision, was properly dismissed via section 3-108(a), we need only concern ourselves with allegations 7(b), 7(c), and 7(d) of counts III and V.  These allegations are that defendant:

"b. Failed to adequately investigate the activities of the Archway Skydiving Center following a series of fatalities at Sparta, Illinois[,] as well as Vandalia Municipal Airport.

Renewed Archway Skydiving Center's lease even though Archway Skydiving Center and Freedom Aviation were operated by the same individual and the Certificate holder, Vandalia Park District, knew or should have known that there was no independent supervision by its agent, Freedom Aviation, over the activities of Archway Skydiving Center even though they were not being conducted in a reasonably safe manner free from unreasonable risk of harm to members of the general public.  

Failed to select a fixed[-]based operator who would appropriately manage activities of the Archway Skydiving Center to assure responsible management for the Vandalia Municipal Airport."

The Illinois Supreme Court has interpreted section 2-201 to mean that immunity will not attach unless the plaintiff's injury results from an act or omission by the employee involving both the determination of policy and the exercise of discretion.  See 
Harinek v. 161 North Clark Street Ltd. Partnership
, 181 Ill. 2d 335, 341, 692 N.E.2d 1177, 1181 (1998).  Policy decisions are those decisions that require the municipality to balance competing interests and to make a judgment call as to which solution will best serve each of those interests.  See 
West v. Kirkham
, 147 Ill. 2d 1, 11, 588 N.E.2d 1104, 1109 (1992).  

In 
Harrison v. Hardin County Community Unit School District No. 1
, 313 Ill. App. 3d 702, 730 N.E.2d 61 (2000), 
appeal allowed
, 191 Ill. 2d 529, 738 N.E.2d 925 (2000), Connie Harrison sued the defendant school district for injuries she sustained when Joshua Davis's automobile struck her automobile.  Harrison claimed that school personnel were responsible because they refused the request of Davis, an inexperienced driver, to leave school early due to inclement weather and deteriorating road conditions.  The appellate court held that, although the superintendent's decision whether to dismiss school early was a policy decision, the principal's decision whether to allow Joshua to leave early was an individual discretionary determination.  The court held that that decision, although discretionary, was not made in the course of determining policy.  Because the supreme court in 
Harinek
 has held that section 2-201 immunity will not attach unless the injury results from an act that involves both the determination of policy and the exercise of discretion, the school district was not entitled to section 2-201 immunity.

Paragraph 7(b) of plaintiff's complaint alleges that the Park District failed to investigate the activities of Archway.  The Park District's decision whether or not to investigate is a discretionary decision and is not made in the course of determining policy.  Therefore, section 2-201 does not provide immunity in regard to paragraph 7(b). 

Turning to paragraphs 7(c) and 7(d) of plaintiff's complaint, we find that the Park District's decisions whether to operate the airport, whether to issue a license to another to operate an airport, and choosing a fixed-base operator are discretionary decisions.  Plaintiff argues that the Park District's decisions stem from the mandates of the Park District Code (70 ILCS 1205/9-2 
et seq.
 (West 1998)), the Illinois Administrative Code (92 Ill. Adm. Code §14.685 (1996)), and the Illinois Aeronautics Act (620 ILCS 5/1 
et seq.
 (West 1998)).

Whether or not the Park District's decisions are based on the statutes that plaintiff references is of no matter because we find that the Park District's decisions whether to issue a license or choose a fixed-based operator stem from the Park District's policy decision whether or not to operate the airport.  In order for immunity to attach via section 2-201, the plaintiff's injuries must result from an act or omission involving both the determination of policy and the exercise of discretion.  See 
Harinek
, 181 Ill. 2d at 341, 692 N.E.2d at 1181.  The Park District's decisions referenced in paragraphs 7(c) and 7(d) concern both the making of policy and discretionary decisions.  Thus, we conclude that section 2-201 provides immunity as to paragraphs 7(c) and 7(d) in this case.   

Plaintiff next argues that the trial court erred in dismissing count III of her complaint on grounds of section 3-109 immunity.  Frank Spangenberg was killed while parachute-jumping, which is a hazardous recreational activity enumerated under section 3-109 of the Tort Immunity Act.  The Park District argues that section 3-109 specifically provides municipalities immunity for injuries sustained while a person is skydiving.

Notwithstanding the protections of section 3-109, this section does not limit liability that would otherwise exist for:

(1) The local public entity's failure to guard or warn of a dangerous condition of which it has actual or constructive notice and of which the participant does not have nor can be reasonably expected to have had notice, or

(2) The public entity's act of willful and wanton conduct which is a proximate cause of the injury.

See 745 ILCS 10/3-109(c) (West 1998).

Since the decedent was killed while participating in a hazardous recreational activity, section 3-109 applies to this case.  However, the Park District is not afforded the immunity of section 3-109 if it failed to warn or guard of a dangerous condition as enumerated in the exception set forth above or if it engaged in willful and wanton conduct that proximately caused the decedent's death.  

A complaint for willful and wanton misconduct must allege not only duty, breach, and proximate cause but also that the defendant either intentionally injured the plaintiff or acted in  reckless disregard for his safety.  See 
Scarano v. Town of Ela
, 166 Ill. App. 3d 184, 187, 520 N.E.2d 62, 64 (1988); see also 
O'Brien v. Township High School District 214
, 83 Ill. 2d 462, 469, 415 N.E.2d 1015, 1018 (1980).  To establish reckless disregard for the safety of others, the complaint must allege facts establishing that the defendant failed, after knowledge of impending danger, to exercise ordinary care to prevent it or that defendant failed to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care.  See 
O'Brien
, 83 Ill. 2d at 469, 415 N.E.2d at 1018.  

Here, the only remaining allegation in plaintiff's complaint is paragraph 7(b) of  counts III and V.  Paragraph 7(b) alleges that the Park District failed to adequately investigate Archway following a series of fatalities.  We find that section 3-109 does not immunize the Park District from the allegation of paragraph 7(b) in counts III and V.    

Section 3-109(c) does not limit liability where the public entity fails to guard or warn of a dangerous condition of which it has notice and of which the participant does not nor can be reasonably expected to have had notice.  745 ILCS 10/3-109(c) (West 1998).  Assuming the allegation is true that there were a series of fatalities that occurred while Archway was in charge, the Park District would have notice of such, whereas the participant could not be reasonably expected to have such notice.  Thus, we cannot find that section 3-109 provides immunity as to the allegations in paragraph 7(b).  

In conclusion, we affirm the trial court's dismissal of allegation 7(a) in counts III and V, based on section 3-108(a) immunity.  We also affirm the trial court's determination that section 2-201 of the Tort Immunity Act immunized the Park District from liability as to paragraphs 7(c) and 7(d) in counts III and V.  However, we reverse the trial court's decision that section 3-109 of the Tort Immunity Act immunizes the Park District from liability.  Therefore, paragraph 7(b) of counts III and V of plaintiff's complaint is not dismissed.  In summary, we affirm the trial court's dismissal of paragraphs 7(a), 7(c), and 7(d) of counts III and V, and we reverse its dismissal of paragraph 7(b) of counts III and V.

For the foregoing reasons, we affirm in part, and we reverse in part, and we remand the cause to the circuit court of Fayette County.        

Affirmed in part and reversed in part; cause remanded.

KUEHN, J., concurs.

JUSTICE WELCH, dissenting in part and concurring in part:

As I have in 
Harrison v. Hardin County Community Unit School District No. 1
, 313 Ill. App. 3d 702, 730 N.E.2d 61 (2000), 
appeal allowed
, 191 Ill. 2d 529, 738 N.E.2d 925 (2000), and 
Capps v. Belleville School District No. 201
, 313 Ill. App. 3d 710, 730 N.E.2d 81 (2000), I dissent from the majority opinion because I believe that the Park District is immune from liability pursuant to section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 1998)) because its decision not to investigate the activities of Archway was a determination of policy as well as an exercise of discretion.  

Policy decisions are those that require the governmental entity to balance competing interests and to make a judgment call as to what solution will best serve each of those interests.  See 
Harinek v. 161 North Clark Street Ltd. Partnership
, 181 Ill. 2d 335, 342 (1998).  Policy decisions require the governmental entity, through its employees, to balance various interests that may compete for the time and resources of the entity, including the interests of efficiency and safety.  See 
Harinek
, 181 Ill. 2d at 342.  Attempts to balance these interests involve determinations of policy.  See 
Harinek
, 181 Ill. 2d at 343.  

In 
Harrison
, this court defined a policy determination as one that requires considered evaluation and judgment by a governmental unit, utilizing its own particular expertise, to formulate principles and procedures directed toward the achievement of common and general goals for the community's benefit.  During this evaluation process, several factors must be considered, including the public benefit, the practicability of the plan or procedure, and the best methods to be employed considering available resources, costs, and safety.   

In my opinion, the Park District's decision not to investigate the activities of Archway was a policy determination as well as an exercise of discretion.  The record demonstrates that the Park District contracted with the fixed-base operator to act as its agent in operating the airport.  The fixed-base operator then contracted with Archway; the Park District did not.  As a matter of policy, the Park District determined that it would allow a fixed-base operator to manage and operate the airport in all its aspects, including the use thereof by Archway.   Determining whether to expend time and resources investigating the activities of Archway is a determination of policy requiring the balancing of various interests competing for the attention and resources of the Park District.  I believe that it was a policy determination on the part of the Park District not to supervise, monitor, or investigate the activities of Archway.  Accordingly, I believe that the Park District is immune from liability pursuant to section 2-201 of the Tort Immunity Act on both counts III and V of plaintiff's amended complaint.  

I must also dissent from the majority's finding of lack of immunity pursuant to section 3-109 of the Tort Immunity Act, at least with respect to count III of plaintiff's amended complaint.  Section 3-109 of the Tort Immunity Act provides immunity for a governmental entity when a plaintiff is injured while engaging in a hazardous recreational activity.  Skydiving is such a hazardous recreational activity.  See 745 ILCS 10/3-109(b) (West 1998).  However, there are two exceptions to this immunity:  (1) when the governmental entity knows or should know of a dangerous condition, while the plaintiff does not, and could not reasonably be expected to, have such knowledge, and the governmental entity fails to warn the plaintiff of or guard the plaintiff from the dangerous condition or (2) when an act of wilful and wanton conduct by the governmental entity is a proximate cause of the injury.  Thus, where a complaint adequately pleads facts bringing the case within one of these exceptions, the immunity of section 3-109 is not available to the governmental entity.  

With respect to the first exception to immunity in section 3-109, I find that the complaint in the instant case contains absolutely no allegations that the Park District failed to warn the decedent of or guard the decedent from a dangerous condition of which it had notice and the decedent did not.  The only allegation of negligence remaining in the case is the Park District's failure to investigate Archway's activities following a series of fatalities.  There is no allegation of negligence in the Park District's failure to warn or guard the decedent.  Further, although plaintiff's amended complaint does allege that the Park District knew or had reason to know of the dangerous propensity for harm and serious injuries and/or death to persons using the services of Archway, there is no allegation that the decedent did not, or could not reasonably have been expected to, have similar knowledge.  Plaintiff has simply failed to plead facts in either count III or count V of her amended complaint bringing her case within the first exception to immunity in section 3-109.  See 
Burdinie v. Village of Glendale Heights
, 139 Ill. 2d 501, 516 (1990), 
overruled on other grounds by McCuen v. Peoria Park District
, 163 Ill. 2d 125 (1994) (regarding section 3-106 immunity).

With respect to the second exception to immunity found in section 3-109, I note that count III of plaintiff's complaint contains absolutely no allegation that the governmental entity's wilful and wanton conduct was a proximate cause of the decedent's injury.  Count III does not allege that the Park District acted wilfully and wantonly or even that it acted with reckless disregard for the decedent's safety.  I do not agree with the majority that wilful and wanton misconduct or reckless disregard for the safety of the decedent can be inferred from count III of plaintiff's complaint.  This second exception to immunity under section 3-109 does not apply to count III of plaintiff's complaint.

I understand the desire of the majority of this court to provide some opportunity for a remedy to this plaintiff, who has suffered a horrible loss.  However, we cannot overlook the law of this State with respect to pleading in order to reach a desired result.  This court should not read allegations into a complaint that simply are not there in order to reach a desired result.  In my opinion, that is what the majority has done in this case with respect to immunity under section 3-109 of the Tort Immunity Act.

In conclusion, I would find immunity under section 2-201 for both counts III and V of plaintiff's amended complaint because, in determining not to investigate the activities of Archway, the Park District was determining policy in the exercise of its discretion.  I would find immunity under section 3-109 for count III of plaintiff's amended complaint, which alleges insufficient facts to bring the case within either of the exceptions to the immunity provided by section 3-109.  In all other respects I concur in the decision of the majority.

                                      NO. 5-99-0135

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

EVA RENEE SPANGENBERG, )  Appeal from the

As Special Administrator of the Estate of   )  Circuit Court of

Frank A. Spangenberg, Deceased, )  Fayette County.

 )

     Plaintiff-Appellant, )

)

v. )  No. 98-L-7 

)

DAVE VERNER, d/b/a Archway Skydiving )

Center and d/b/a Freedom Aviation, and S.S.E. )

INC., )

)

     Defendants, )

)

and )

)

THE VANDALIA PARK DISTRICT, )  Honorable

)  John W. McGuire,

     Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________________

Rule 23 Filed:
 August 16, 2000

Rehearing Granted:
 September 20, 2000

Opinion Filed
: April 17, 2001

___________________________________________________________________________________

Justices
: Honorable Charles W. Chapman, J.

Honorable Clyde L. Kuehn, J.,

Concurs

Honorable Thomas M. Welch, J.,

Dissenting in part and concurring in part

___________________________________________________________________________________

Attorneys
 H. Carl Runge, Jr., Thomas J. Lech, Law Offices of H. Carl Runge, Jr., Ltd., 1711

for
 Keebler, P.O. Box 533, Collinsville, IL 62234

Appellant
 

___________________________________________________________________________________

Attorney
 Larry S. Kaplan, Kaplan, Begy & von Ohlen, 120 North LaSalle Street, 24
th
 Floor,

for
 Chicago, IL 60602

Appellee
 

___________________________________________________________________________________