R. Eugene Wilson, Plaintiff-Appellee, *v.* Massey-Ferguson, Inc., De-fendant-Appellant—(Edward Westen, d/b/a Westen Implement Company, Defendant).

(No. 12428;

Fourth District—August 22, 1974.

Sorling, Catron and Hardin, of Springfield (Patrick V. Reilly, of counsel), for appellant.

John R. Gehlbach, of Lincoln, for appellee.

Mr. JUSTICE CLYDESDALE delivered the opinion of the court:

Plaintiff-appellee filed a complaint in the circuit court of Logan County on December 2, 1971. Said complaint, as amended, alleged that on or about April 15, 1967, plaintiff purchased from the defendant Edward Westen, d/b/a Westen Implement Company, a tractor, manufactured by the defendant Massey-Ferguson, Inc., for the sum of approximately $9000. It is further alleged that defendants knew that plaintiff was buying the tractor for the purpose of heavy-duty plowing on his farm and therefore the defendants impliedly warranted, under sections 2—314 and 2—315 of the Uniform Commercial Code (Ill. Rev. Stat. 1969, ch. 26, ¶¶ 2—314, 2—315), that the tractor was merchantable, and fit for the particular purpose of heavy-duty plowing. Finally, it is alleged that the tractor was neither merchantable nor fit for the specific purpose as warranted, in that the tractor overheated, constantly threw out oil, and was not usable for general farming purposes.

Plaintiff demanded judgment in the sum of $3300, the alleged difference between the tractor's purchase price and its value at the time of purchase.

Defendant Westen filed a motion to dismiss for failure to state a cause of action and for failure to allege facts as distinguished from conclusions. Defendant Massey filed an answer denying it sold the tractor to plaintiff, but claiming that plaintiff's purchase was made from Westen. Massey raised the statute of limitations as an affirmative defense. Defendant Massey filed a motion for judgment on the pleadings which was denied by the court with a specific finding that the complaint was not barred by the statute of limitations. A docket entry indicates that after a hearing on defendant's motion to dismiss, the case against Westen was dismissed. The case then proceeded to trial against the defendant Massey only.

The evidence introduced in plaintiff's case established that plaintiff purchased the tractor on April 15, 1967, for cash of around $9000; that there was no written contract between the parties; that plaintiff used the tractor for normal farming practices; that he had taken care of it according to the maintenance manual; and that the motor went dead and would not start. It was further established that in the fall of 1971, the tractor started leaking oil and, thereafter, Westen's mechanic looked at it and told plaintiff that the motor would have to be replaced.

At the trial, Westen testified that he was a Massey-Ferguson dealer and in response to the question of "How long does a tractor normally run?" he stated:

"Well, I would say there is tractors like that would run ten years without any problem. I think we have some that was sold in '64 or '65, somewhere in there."

Plaintiff's exhibit 1 was admitted into evidence which indicated that the cost to replace the tractor's engine would be in the sum of $4532.78. The agreement between Massey-Ferguson and Westen was also introduced into evidence.

The defense offered no evidence other than to cross-examine plaintiff's witness, Westen.

The trial court's order found that plaintiff purchased the tractor from Westen for $9000; that the tractor was manufactured by Massey-Ferguson; that defendants, as merchants, impliedly warranted the tractor to be merchantable and fit for the particular purpose for which it was bought; that the tractor was not merchantable or fit for the ordinary purpose for which the tractor was to be used; that the tractor overheats, constantly throws out excessive amounts of oil, and is generally not usable for any general farming purposes; and that the plaintiff was damaged to the extent of $4330.26. The court thereupon entered judgment in that amount.

In a statement of reasons for its decision, pursuant to Supreme Court Rule 323(a) (Ill. Rev. Stat. 1971, ch. 110A, ¶ 323(a)), the court indicated that the basis of its decision was that the breach occurred within 4 years from the date of filing suit and that defendant Westen was an agent of Massey-Ferguson for the purpose of selling the tractor.

Defendant Massey appealed from the judgment of the lower court and raised the following issues for review by this court: (1) was the action of the plaintiff barred by the statute of limitations; (2) does the record support a finding that Westen was an agent of Massey-Ferguson for purposes of affecting sales of property to plaintiff; and (3) was the finding of $4330.26 in damages contrary to the manifest weight of the evidence?

It should first be pointed out that an implied warranty of fitness for a particular purpose under section 2—315 of the U.C.C. is not really involved here. First, there is no evidence whatever that the buyer was relying on the seller's skill or judgment to select or furnish suitable goods for a particular purpose. Furthermore, there was no evidence to support a warranty for a particular purpose. The Illinois Code Comment to section 2—315 indicates that:

"Thus, where the goods are to be put to ordinary use, the concept of merchantability and not particular purpose is involved." (S.H.A. (1963), ch. 26, § 2—315, at 239.)

The Uniform Commercial Code Comment similarly indicates that:

"2. A 'particular purpose' differs from the ordinary purpose for

which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains." S.H.A., *supra*, at 240.

■■ In this case, the tractor was sold and used for ordinary farm work, which includes, without question, heavy-duty plowing. Thus, section 2—315 is not relevant in this case, and the implied warranty of merchantability (§ 2—314), is the only relative concept here. The fact that only section 2—314 and not section 2—315 is applicable here is not determinative of any of the issues but we felt it necessary to clarify the distinction between these two sections of the U.C.C. because the trial court, in its final order, seemed to imply that both sections were applicable to this case.

Clearly, this action was not brought within the 4-year statute of limitation. The applicable section is 2—725 of the U.C.C. (Ill. Rev. Stat. 1973, ch. 26, § 2—725) which provides:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. * * *

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

It has been established that there was no written contract for the purchase of the tractor, and that the date of purchase was April 15, 1967, with delivery thereof a day or two after April 15. Thus, under the plain and unambiguous language of section 2—725, this cause of action (filed December 2, 1971) was not brought in time unless the exception of section 2—725(2) was applicable here. The exception is only applicable if the warranty explicitly extends to future performance of the goods. All warranties, implied or explicit, must arise out of the contract for sale. Plaintiff contends, however, that the implied warranty of sale in this case does explicitly extend to future performance.

Plaintiff cites *Klondike Helicopters Ltd. v. Fairchild Hiller Corp.*, 334 F.Supp. 890 (N.D. Ill. 1971). *Klondike* is of questionable authority for

plaintiff's position. Count II of the 6-count complaint in that case alleged that defendant breached a continuing contract to supply information relating to the servicing of an aircraft. Count III of the complaint alleges breaches of both express and implied warranties. Both counts were stricken from the complaint by the District Court on the ground that the Illinois statute of limitations (§ 2—725 of U.C.C.) did not apply and that applicable California statute of limitations barred these counts. The court did, however, discuss section 2—725 as it related to these two counts of the complaint. The court held that Count II would not be barred if Illinois law was applicable because this count of the complaint relied upon a contract provision that called for a continuing duty on the part of the seller to provide information regarding the servicing of the aircraft and it therefore fell within the future performance exception of section 2—725(2). Count III dealt with express and implied warranties and the court said:

> "These warranties relate to the merchantability of the aircraft. It seems reasonable to expect a warranty of this nature to continue beyond the tender of delivery and extend for the life of the product. For this reason, the alleged warranties extended to future performance within the meaning of Section 2—725(2)." (334 F. Supp. at 893.)

The court's analysis was, of course, dicta and as it relates to Count III appears to be unsound. Merely because it is reasonable to expect that a warranty of merchantability extends for the life of a product, does not mean that "such a warranty explicitly extends to future performance." The only explanation for the reasoning in *Klondike* is that the terms of the express warranties in Count III did in fact extend to future performance, but the terms of the warranties were not set out in the opinion. To the extent that the above quoted portion of *Klondike* supports the proposition that an implied warranty of merchantability extends for the life of every product and is therefore a warranty extending to future performance within the meaning of section 2—725(2), that opinion is clearly erroneous. In order for the warranties to extend to future performance, the warranty must be *explicit*.

■■ In the case of *Binkley Co. v. Teledyne Mid-America Corp.* (E.D. Mo. (1971)), 333 F. Supp. 1183, *aff'd*, 460 F.2d 276 (8th C.A. (1972)), the seller of a welding machine expressly warranted that the welder would weld at a rate of 1,000' per 50-minute hour, which it never did. Defendant moved for a summary judgment on the basis of lapse of the statute of limitation. The district court discussed various pre-code cases and stated:

> "While these cases were not decided under § 2—725(2), they do

indicate a judicial reluctance to infer from the language of express warranties terms of prospective operation that are not clearly stated. This court must exercise similar reluctance, since under the terms of § 2—725(2), only *explicit* warranties of future performance delay accrual of a cause of action for breach of warranty." (333 F.Supp. at 1186)

The court then dealt with the question of what explicit means, and relying upon other cases and Webster's dictionary stated:

" 'Explicit is defined * * * as "not implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal" * * *.' " (338 F. Supp. at 1186.)

The court remarked that although the warranty expressly stated that the welder would weld at 1,000' per hour, the decisive factor was that there was no reference to future time found in the warranty. In response to the buyer's argument that he was unable to test the apparatus until after delivery, the court stated that to allow plaintiff's action on that basis would be contrary to the clear language of the act that the breach occurs at the time of delivery "regardless of plaintiff's knowledge". The Eighth Circuit Court of Appeals affirmed, stating that:

"We * * * agree with Judge Webster's well-reasoned opinion that the proper construction of the statute makes the rule, rather than the exception, applicable to this case." 460 F.2d at 227.

■■■ We conclude, based on the rationale of *Binkley* and the clear, unambiguous language of section 2—725(1) and (2), that the appellee-plaintiff's case is barred by the statute of limitations. We find nothing in the record, nor in the transcript of the evidence which would support an inference that any explicit warranty or representation as to the performance of the tractor was made, let alone representations, explicit or otherwise, as to the future performance of the tractor. Even if the seller had specifically told plaintiff that "this tractor is suitable for heavy duty plowing," *Binkley* makes it clear that the breach of that warranty occurred at the time of delivery because the warranty did not explicitly state that the tractor would be suitable for such work beyond that time. Absent an explicit indication of such a warranty, the statute of limitations runs from the time of delivery.

Inasmuch as this finding is dispositive of the case, we need not discuss nor rule upon the other issues raised upon appeal.

Judgment reversed.

TRAPP, P. J., and SIMKINS, J., concur.