FLOYD RIDLE *et al.*, Plaintiffs-Appellants, v. SPRAYRITE MANUFAC-TURING COMPANY *et al.*, Defendants-Appellees.

Third District   No. 3—89—0552

Opinion filed June 18, 1990.

March, McMillan & Stone, P.C., of Macomb (John D. McMillan, of counsel), for appellants.

West, Neagle & Williamson, of Galesburg (Roger L. Williamson and John P. Fleming, of counsel), for appellee John Fayhee & Sons, Inc.

John P. Fleming and David A. Hunt, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee Sprayrite Manufacturing Company.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs-appellants purchased a self-propelled crop sprayer from defendant-appellee John Fayhee & Sons, Inc. (Fayhee), which was manufactured by defendant-appellee Sprayrite Manufacturing Co. (Sprayrite). The sprayer was delivered by Fayhee to plaintiffs on or about March 30, 1984. Plaintiffs allege the engine of the sprayer was inadequate for the terrain of plaintiffs' farmland and the sprayer was sent back to defendants. A rebuilt engine was subsequently placed in the sprayer and returned to plaintiffs in June of 1985. Plaintiffs allege that defendants at this time made assurances that the sprayer would be adequate with the rebuilt engine. Plaintiffs, however, were not satisfied with the performance of the sprayer even with the rebuilt engine. The truthfulness of plaintiffs' allegations are essentially undisputed.

On April 21, 1989, plaintiffs filed a multiple-count complaint against Fayhee and Sprayrite. Count I alleged a breach of implied warranty of merchantability; count II alleged a breach of implied warranty of fitness for a particular purpose; count III alleged a breach of express warranty; and count IV alleged a breach of contract and revocation of acceptance. Both Fayhee and Sprayrite filed motions to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), claiming the cause was barred by the four-year statute of limitations of the Uniform Commercial Code, section 2—725 (Ill. Rev. Stat. 1987, ch. 26, par. 2—725). The trial court, by order dated August 28, 1989, granted both motions and dismissed plaintiffs' cause of action with prejudice.

The procedural question for review is whether the trial court erred in granting Fayhee's and Sprayrite's respective motions for dismissal. Substantively, we must first decide whether plaintiffs' complaint alleging a delivery of equipment within the statutory four-year limitations period is sufficient to create an issue of fact precluding dismissal. Second, we must decide whether plaintiffs' allegations regarding the assurances made by either one or both of the defendants at the time the engine was rebuilt are legally sufficient to extend the statutory four-year limitation period.

Plaintiffs do not dispute that the sprayer was initially delivered in March of 1984 and that said date is more than four years prior to the filing of their complaint. Plaintiffs, however, allege a second delivery date of June 1985, the date when the sprayer was returned to plaintiffs after having the engine rebuilt. Plaintiffs contend that based on defendants' representations that the sprayer with the rebuilt engine would be adequate to meet plaintiffs' needs, the statute

of limitations should not begin to run until June of 1985. As authority, plaintiffs cite cases from other jurisdictions which indicate (1) that the statute of limitations is tolled until the repairs are completed when a seller makes representations that the repairs will cure the defect or (2) that the cause of action does not accrue until delivery and the opportunity for the buyer to discover the breach. Plaintiffs concede, however, that most jurisdictions hold that the discovery rule does not generally apply to warranty cases and also that established Illinois case law holds that repairs performed pursuant to a warranty do not extend the warranty. (*Nelligan v. Tom Chaney Motors, Inc.* (1985), 133 Ill. App. 3d 798, 479 N.E.2d 439.) Additionally, under section 2—725(2):

> "A cause of action accrues when the breach occurs ***. *** A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance ***." (Ill. Rev. Stat. 1987, ch. 26, par. 2—725(2).)

Plaintiffs argue that tender of delivery should be construed to mean the date when the sprayer with the rebuilt engine was returned to plaintiffs since the sprayer underwent a substantial change. When, however, the term "tender of delivery" is construed in light of *Nelligan* and other similar cases, that term can only be construed to mean that delivery takes place when the product is first delivered to a buyer. To hold otherwise would, in effect, create a discovery rule in warranty cases as well as a significant question of what repairs are sufficient to constitute a significant change in the product. Plaintiffs have cited no Illinois cases which would require any other holding. Moreover, plaintiffs herein determined that the sprayer was inadequate shortly after it was initially delivered and also shortly after it was returned with a rebuilt engine. Thus, this is not a situation where plaintiffs had no knowledge of the defective condition until after expiration of the limitations period.

■ Plaintiffs also allege that the assurances made by either Fayhee or Sprayrite at the time the sprayer was equipped with the rebuilt engine amounted to an express warranty by defendants of future performance, thereby extending the limitations period and making plaintiffs' revocation of acceptance and warranty actions timely filed. We disagree. Section 2—725(2) of the Uniform Commercial Code states:

> "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future per-

formance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Ill. Rev. Stat. 1987, ch. 26, par. 2—725(2).

Case law interpreting this paragraph of section 2—725 is clear and unambiguous. In *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, our supreme court had occasion to interpret the meaning of the phrase "explicitly extends to future performance" contained within section 2—725(2). Citing numerous State and Federal court decisions, the court determined that a warranty stating a certain bulk tank was designed to withstand "60 lbs. per bushel grain and 100 m.p.h. winds" was not an explicit warranty of future performance in part because there was no reference to future time in the warranty and, thus, no explicit warranty of future performance. Although the buyer may have had an expectation that the warranty would run for the life of the product, that fact alone was insufficient to delay the point at which the limitations period commenced to run. *Moorman*, 91 Ill. 2d 69, 435 N.E.2d 443.

A case factually similar to the present case is *Wilson v. Massey-Ferguson, Inc.* (1974), 21 Ill. App. 3d 867, 315 N.E.2d 580. In *Wilson* plaintiff allegedly purchased a certain farm tractor which was not adequate to do heavy duty plowing and, therefore, not merchantable or fit for the particular purpose for which it was purchased. Plaintiffs' subsequent breach of warranty action was commenced more than four years after delivery of the tractor by defendant. Nonetheless, the trial court determined that the statue did not commence running until the defective condition was discovered by plaintiff. In reversing the trial court, the court first determined that the theory of implied warranty of fitness for a particular purpose was inapplicable to the cause. The court next determined that the statute of limitations applied because the proper point for commencing the statute was the date of delivery, unless the seller made explicit warranties as to future performance of the tractor. Thus, the question presented was whether explicit warranties as to future performance were made by the seller.

■ In determining the meaning of the word "explicit," the court stated:

> "Explicit is defined *** as 'not implied merely, or conveyed by implication; distinctly stated plain in language; clear; not ambiguous; express; unequivocal.'" *Wilson*, 21 Ill. App. 3d at 872, 315 N.E.2d at 583, quoting *Binkley v. Teledyne Mid-America Corp.* (E.D. Mo. 1971), 333 F. Supp. 1183, *aff'd* (8th Cir. 1972), 460 F.2d 276.

602

The court further found that nothing in the record or transcript of evidence suggested that the seller had made any explicit warranties as to the future performance of the tractor. The court added:

"Even if the seller had specifically told plaintiff that 'this tractor is suitable for heavy duty plowing,' *Binkley* makes it clear that the breach of that warranty occurred at the time of delivery because the warranty did not explicitly state that the tractor would be suitable for such work beyond that time." *Wilson*, 21 Ill. App. 3d at 872, 315 N.E. 2d at 584.

■ Having already established that the date of delivery in this cause was the date Fayhee delivered the sprayer to plaintiffs, we now determine that the alleged assurances by defendants that the sprayer with the rebuilt engine would be adequate for plaintiffs' needs does not rise to an explicit warranty of future performance. These alleged assurances, even when viewed in a light most favorable to plaintiffs, do not refer to a specific future time frame and thus are not "explicit" as that phrase has repeatedly been interpreted. Therefore, plaintiffs' cause of action is time barred by section 2—725, and the trial court's decision must be affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.