LARRY MORIETTA, Plaintiff-Appellant, v. REESE CONSTRUCTION COMPANY, Defendant-Appellee.

Fifth District    No. 5—03—0215

Opinion filed March 25, 2004.—Motion to publish granted April 22, 2004.

Patricia A. Zimmer, of George Ripplinger & Associates, of Belleville, for appellant.

William J. Knapp and Elizabeth A. Bradley, both of Knapp, Ohl & Green, of Glen Carbon, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiff, Larry Morietta, appeals from the trial court's order granting a summary judgment in favor of the defendant, Reese Construction Company. On appeal, the plaintiff contends that the trial court erred in determining (1) that the statute-of-limitations provision of section 13—214(a) of the Code of Civil Procedure (735 ILCS 5/13—214(a) (West 2002)) was inapplicable and (2) that the discovery rule was inapplicable. We affirm.

## FACTS

On June 3, 1998, the plaintiff was driving southbound on Illinois Route 4. At about 0.4 miles south of mile marker No. 6, the plaintiff's vehicle hydroplaned on standing water on the road, which caused him to lose control, leave the road, enter a ditch, and flip his car over onto

the driver's side. The plaintiff suffered a back injury as a result of the accident.

On June 4, 2001, three years after the accident, the plaintiff filed his negligence complaint against the defendant. The plaintiff alleged that the defendant had done negligent work on Illinois Route 4 in that the defendant "failed to properly design," "failed to properly specify the manner and method of construction," "failed to supervise the repaving," "failed to properly compact the new surface," and "failed to build a proper crown" during the construction of the road so that water did not drain from the surface during a rain. The plaintiff also alleged that he did not learn until May 2001 that the accident was the result of negligence. The defendant's answer included several affirmative defenses, *inter alia*, that the plaintiff's cause of action was barred either by the statute of limitations, because he filed his complaint more than two years after his cause of action had accrued, or by the contractor-specification defense.

According to the pleadings, attachments, and memorandums of law, the defendant successfully bid on a road project let by the Illinois Department of Transportation (IDOT) in 1994, which consisted of "9.3 miles of pavement patching, bituminous surface removal and 26 ft. and variable width bituminous concrete resurfacing on Illinois Route 4 from south of FAI Route 70 to Randle Street in Lebanon." The project encompassed the area where the plaintiff's accident occurred. The roadwork was done in accordance with the plans and specifications provided by IDOT. Further, resident engineers from IDOT were present daily during the work project to ensure that the defendant followed IDOT's plans and specifications. The work project did not involve the construction of a new road or the widening of the existing road but only encompassed the removal and repavement of the existing road. On January 3, 1995, IDOT sent the defendant a letter of final acceptance indicating that a final inspection had been done and that the work on the project was complete and in compliance with the applicable plans and specifications.

The defendant filed a motion for a summary judgment, claiming that the plaintiff's complaint was barred by the two-year statute of limitations of section 13—202 of the Code of Civil Procedure (735 ILCS 5/13—202 (West 2002)) and that the complaint was also barred by the contractor-specification defense, *i.e.*, the defendant cannot be liable because the work on Illinois Route 4 had been done in accordance with IDOT's plans and specifications. In response, the plaintiff argued that his action was not time-barred because it had been filed within the four-year statute of limitations of section 13—214(a) and, alternatively, that the time for bringing the plaintiff's cause of action

did not commence until he discovered that his injury had been caused by negligence (the discovery rule). The plaintiff also asked the court to continue any decision concerning the contractor-specification defense until he received all the discovery materials from IDOT.

On March 10, 2002, the court granted the defendant's motion for a summary judgment, finding that section 13—214 does not apply to the plaintiff's cause of action because the defendant's work was not an improvement to real property and that the "discovery rule" did not apply because the plaintiff "knew at the time of the accident on June 3, 1998[,] that his accident was caused by accumulated water and was therefore on notice to investigate whether the accumulation was caused by negligence." The plaintiff filed his timely notice of appeal.

## ANALYSIS

### 1. Standard of Review

■ A summary judgment is a drastic means of disposing of litigation and is only to be granted when pleadings, depositions, admissions on file, and affidavits, if any, establish that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90 (1992); *Jinkins v. Lee*, 337 Ill. App. 3d 403 (2003), *aff'd*, 209 Ill. 2d 320 (2004). The review of the grant of a summary judgment is *de novo*. *Outboard Marine Corp.*, 154 Ill. 2d at 102. In reviewing a summary judgment, a court construes evidentiary material strictly against the moving party and in the light most favorable to the nonmoving party. *Jinkins*, 337 Ill. App. 3d at 409. A genuine issue of material fact exists where there is a dispute on a material fact or where the facts are undisputed but reasonable minds might differ in drawing inferences from the facts. *Jinkins*, 337 Ill. App. 3d at 409. If facts are not disputed and the issue is one of statutory interpretation, the issue is reviewed as a matter of law. *Jacobson v. General Finance Corp.*, 227 Ill. App. 3d 1089 (1992).

### 2. Statute of Limitations

The plaintiff argues that the trial court erred in determining that the construction statute of limitations of section 13—214(a) was inapplicable and that the general statute of limitations of section 13—202 applied (735 ILCS 5/13—214(a), 13—202 (West 2002)). The plaintiff claims that the four-year statute of limitations applies because the defendant's removal and repaving of Illinois Route 4 under the IDOT contract meets all the criteria for an improvement to real estate.

■ Section 13—214(a) applies to any actions "based upon tort, contract[,] or otherwise against any person for an act or omission of

such person in the design, planning, supervision, observation[,] or management of construction, or construction of an improvement to real property." 735 ILCS 5/13—214(a) (West 2002). Section 13—214 applies to all parties engaged in construction activities. *Wright v. Board of Education of the City of Chicago*, 335 Ill. App. 3d 948 (2002). If the special statute of limitations of section 13—214(a) does not apply to the plaintiff's case, then the general statute of limitations of section 13—202 of the Code of Civil Procedure applies. 735 ILCS 5/13—202 (West 2002); *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190 (1992).

In considering the application of section 13—214(a), "[t]he first step is to determine whether the item at issue is an improvement to real property." *Wright*, 335 Ill. App. 3d at 955. Cases defining an improvement to real property have generally concerned section 13—214(b) of the Code of Civil Procedure (735 ILCS 5/13—214(b) (West 2002)); however, because of the identical language in sections 13—214(a) and 13—214(b), the cases concerning section 13—214(b) are pertinent to this issue. *Hernon*, 149 Ill. 2d at 196-97. Whether an item is an improvement to real property is a question of law. *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1 (1992). The relevant criteria for determining whether an item is an improvement to real property is "whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. [Citations.]" *St. Louis*, 153 Ill. 2d at 4-5. However, an improvement is more than mere repair or replacement. *Adcock v. Montgomery Elevator Co.*, 274 Ill. App. 3d 519 (1995).

■ Here, the defendant's work on the road was not an improvement to real property as defined by the supreme court. The evidence presented in the motion for a summary judgment established that the defendant removed and replaced an existing road. It did not build a new road or even widen the existing road. Both of the IDOT resident engineers testified that repaving the road involved using the same depth of material as the existing road and following the slope of the existing road. The project also involved patching the pavement. This work neither improved the value of the property nor enhanced the use of the property. Thus, because the defendant's work on the road was merely repair and replacement and not an improvement to real property, the specific statute of limitations of section 13—214(a) does not apply.

Because section 13—214(a) is not applicable to the plaintiff's case, the general statute of limitations of section 13—202 applies. See *Her-*

*non*, 149 Ill. 2d 190. Section 13—202 requires that a cause of action concerning injury to a person be brought within two years of the time the injury occurred. 735 ILCS 5/13—202 (West 2002). The plaintiff's accident occurred on June 3, 1998. The plaintiff did not file his complaint until June 4, 2001, three years after the accident. Because the statute of limitations for filing his claim ran on June 3, 2000, the plaintiff's cause of action was time-barred.

### 3. Discovery Rule

The plaintiff also claims that his cause of action was timely filed under the discovery rule because his complaint was filed within two years of when he discovered that his accident had been due to negligence. The plaintiff alleged in his complaint that he did not discover that there was a defect in the construction of the road until May 12, 2001, when he read in the newspaper about others filing suit because of their accidents in the area where his accident occurred.

■ Generally, a personal injury cause of action accrues when the plaintiff suffers an injury. *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995). A limitations period is not tolled simply because a plaintiff is unaware of the existence of an injury; however, a statute of limitations is not to be applied mechanically, thereby barring a plaintiff from bringing suit before the plaintiff is aware that he was injured. *Golla*, 167 Ill. 2d at 360. The judiciary created the discovery rule to alleviate the harshness of the literal application of the limitations period. *Golla*, 167 Ill. 2d at 360. The discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused. *Golla*, 167 Ill. 2d at 360-61. Where a plaintiff's injuries are caused by a sudden, traumatic event, such as an automobile accident, the plaintiff's cause of action accrues, and the statute of limitations commences on the date the injury occurred. *Golla*, 167 Ill. 2d at 362; *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418 (2000). The nature and circumstances surrounding a traumatic event puts an injured party on notice that actionable conduct might be involved. *Golla*, 167 Ill. 2d at 363; *Lowe*, 313 Ill. App. 3d at 421. An injury is wrongfully caused when a plaintiff attains sufficient information concerning his injury to put a reasonable person on inquiry to determine whether actionable conduct is involved. *Hutson v. Hartke*, 292 Ill. App. 3d 411 (1997).

■ Here, the plaintiff knew of his injuries at the time of the accident. The accident was a traumatic event that should have put him on notice that there may be actionable conduct. The plaintiff claims that the pooling of surface water on the road was due to a latent

defect. However, the fact that the water was not draining from the road warranted investigation. The plaintiff had an obligation to investigate the possibility that his injuries resulted from negligence. We see no reason to deviate from the "sudden, traumatic event" rule. Because the plaintiff's injuries were caused by a sudden, traumatic event, the two-year statute of limitations began to run on the date of the accident, and the discovery rule does not apply.

The plaintiff should have filed his complaint within two years of the date of the accident. Because he filed his complaint three years after the accident, his claim is time-barred, and the defendant was entitled to a judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.