Rule 23 order filed
April 2, 2007;
Motion to publish granted
May 14, 2007.

NO. 5-06-0321

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| GREG NYE, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Crawford County. |
| | ) |
| v. | ) No. 05-CH-15 |
| | ) |
| EVA LOVENE LEAVELL and STANLEY LEAVELL, | ) |
| | ) |
| | ) |
| Defendants-Appellants, | ) |
| | ) |
| and | ) |
| | ) |
| BI-PETRO, INC., and Unknown Owners, | ) Honorable |
| | ) David M. Correll, |
| Defendants. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

Defendants Eva Lovene Leavell and Stanley Leavell (the Leavells) appeal an order of the circuit court of Crawford County granting a summary judgment to the plaintiff, Greg Nye, on his complaint in chancery for the cancellation of his oil and gas lease with the Leavells. For the reasons that follow, we reverse and remand for further proceedings not inconsistent with this order.

The facts necessary to our disposition of this appeal are derived from the materials presented in support of the plaintiff's motion for a summary judgment, and they are as follows. On or about March 20, 1981, Charles Stantz, as lessor, executed an oil and gas lease in favor of Daniel R. Leavell, as lessee, on lands in Crawford County owned by Mr. Stantz. The plaintiff in this case inherited those lands and is now the lessor. By various assignments, defendant Eva Lovene Leavell is now the operator of the lease, and defendant

1

Stanley Leavell (Stanley), who is the son of Daniel R. and Eva Lovene Leavell, now owns a working interest in the lease. Production of oil from the wells encompassed by the lease ceased in 2001. The Leavells claim that production ceased because the State of Illinois, through the Department of Natural Resources, prohibited the Leavells from operating the wells as a part of a larger prohibition related to abandonment proceedings pertaining to other wells owned by the Leavells, but not encompassed by the lease with the plaintiff. The Leavells claim the prohibition was pursued illegally, without proper notice to the Leavells. The Leavells have pursued litigation against the State in a number of cases in an effort to reverse the administrative order prohibiting the Leavells from operating the wells. See, *e.g.*, *In re Abandonment of Wells Located in Illinois by Eva Lovene Leavell*, 343 Ill. App. 3d 303 (2003). These cases remain pending.

On February 28, 2005, the plaintiff filed in chancery the complaint to cancel the oil and gas lease that is the subject of this appeal. In his complaint, in four separate counts, the plaintiff contended that the lease in question was (1) forfeited by the express terms of the lease, (2) forfeited by the implied terms of the lease, (3) forfeited pursuant to section 2 of the Mineral Lease Release of Record Act (the Act) (765 ILCS 510/2 (West 2004)), and/or (4) abandoned. On May 31, 2005, the Leavells, by attorney Christopher Heid, answered the plaintiff's complaint, denying in pertinent part the allegations made therein. On February 14, 2006, following discovery and other procedural wrangling by the parties not pertinent to this appeal, the plaintiff filed a motion for a summary judgment against the Leavells, and in support thereof he filed a memorandum of law, a transcript of the discovery deposition of Stanley, and an affidavit executed by the plaintiff. In the motion for a summary judgment, the plaintiff contended that in his discovery deposition Stanley "admitted that there had been no oil produced, nor production activities, upon the subject lease, since the year 2001," that no material fact was in dispute, and that the plaintiff was entitled to a judgment in his favor

2

on all four counts of the complaint. In his memorandum in support of the motion for a summary judgment, the plaintiff argued that the "uncontroverted evidence" filed with the motion showed that the Leavells did not use "reasonable diligence" to continue the production of oil, because even though the Leavells claimed they were prohibited by the State of Illinois from operating the wells encompassed by the lease, Stanley "admitted [in his discovery deposition] that he could have become the operator of the lease and bonded the wells[] or could have employed a contract operator to do so, but in both instances declined." The plaintiff also requested "all attorney's fees and court costs" pursuant to section 2 of the Act. No evidentiary materials were attached to the motion describing the attorney fees and costs allegedly incurred as a result of the proceedings below. On February 23, 2006, the plaintiff's motion for a summary judgment was set for a hearing on March 14, 2006. The defendants did not respond in writing to the motion for a summary judgment.

On March 14, 2006, for reasons that are disputed and that in any case are not germane to our disposition of this appeal, attorney Heid, who at the time still represented the Leavells, failed to appear at the hearing, as did the Leavells. Apparently, the hearing proceeded in the absence of attorney Heid and the Leavells, although no transcript of the hearing exists, nor does a bystander's report. On March 20, 2006, the circuit court granted the plaintiff's motion for a summary judgment in a written order, finding for the plaintiff on all four counts of the complaint. The extent of the court's legal analysis supporting its decision was that the lease in question had expired "due to lack of production and lack of due diligence" by the Leavells, "in that no production of oil or gas has been had from said lease since the year 2001." The court also ordered the Leavells to pay $5,175 in attorney fees and $624.20 in court costs, which the court, without further explanation or analysis, deemed reasonable and "necessarily incurred" by the plaintiff, despite the facts that, as explained above, no evidentiary materials were attached to the motion for a summary judgment describing the attorney fees and costs

3

allegedly incurred as a result of the proceedings below and no evidentiary materials of that nature are included elsewhere in the record. On April 5, 2006, the Leavells, by attorney Heid, filed a motion to reconsider the summary judgment. On April 18, 2006, the Leavells, by the attorney they hired to replace Heid–whom the Leavells had discharged–filed a motion to vacate and for a reconsideration. On June 20, 2006, the circuit court held a hearing on both motions and denied them, refusing to allow the Leavells' new attorney to argue the merits of the summary judgment motion. The Leavells filed a timely notice of appeal.

On appeal, the Leavells raise six arguments, which we renumber and restate as follows: (1) a summary judgment was not proper because there was a genuine issue of material fact regarding whether the Leavells could have continued production from the wells encompassed by the lease or were excused from doing so because production was enjoined by the State of Illinois, (2) a summary judgment was not proper because the plaintiff did not satisfy his burden of proof to show appropriate nonproduction under the lease, (3) an award of attorney fees and costs was not justified pursuant to the Act, (4) the amount of attorney fees and costs was not supported by the record, and no notice was given that attorney fees and costs would be adjudicated at the hearing on the motion for a summary judgment, (5) the due process rights of the Leavells were violated when the hearing went forward without the Leavells, whose attorney was allegedly ill, having an adequate opportunity to be heard, and (6) the due process rights of the Leavells were violated when the hearing went forward without the Leavells having adequate notice, because the clerk of court had informed the secretary for the attorney for the Leavells that the hearing had been cancelled and would be rescheduled.

With regard to the Leavells' first argument on appeal, we agree that a summary judgment was not proper because there was a genuine issue of material fact regarding whether the Leavells could have continued production from the wells encompassed by the

4

lease or were excused from doing so because production was enjoined by the State of Illinois, and we reverse the circuit court's order on that basis. A summary judgment is a drastic means of disposing of litigation and is only to be granted when pleadings, depositions, admissions on file, and affidavits, if any, establish that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1080 (2004). The review of a grant of a summary judgment is *de novo*. *Morietta*, 347 Ill. App. 3d at 1080. In reviewing a summary judgment, this court construes evidentiary material strictly against the moving party and in the light most favorable to the nonmoving party. *Morietta*, 347 Ill. App. 3d at 1080. A genuine issue of material fact exists where there is a dispute on a material fact or where the facts are undisputed but reasonable minds might differ in drawing inferences from the facts. *Morietta*, 347 Ill. App. 3d at 1080.

In the case at bar, implicit in the circuit court's award of a summary judgment to the plaintiff because the lease in question had expired "due to lack of production and lack of due diligence" by the Leavells "in that no production of oil or gas has been had from said lease since the year 2001" is the finding that no genuine issue of material fact existed regarding whether (1) no production of oil or gas has been had from the lease since the year 2001 and (2) the Leavells exercised "due diligence" in their management of the wells encompassed by the lease. Even if we assume, without deciding, that no production of oil or gas has been had from the lease since the year 2001–a point that on appeal the Leavells contend has not yet adequately been proven by the plaintiff and that accordingly provides another basis for a reversal of the summary judgment–we still conclude that when the evidentiary material presented by the plaintiff thus far is construed strictly against the plaintiff, as the moving party, and in the light most favorable to the Leavells, as the nonmoving party, a genuine issue of material fact exists regarding whether the Leavells exercised "due diligence" in their

5

management of the wells encompassed by the lease and, thus, whether the Leavells could have continued production from the wells encompassed by the lease or were excused from doing so because production was enjoined by the State of Illinois.

In support of his motion for a summary judgment, the plaintiff argued that the Leavells did not use "reasonable diligence" to continue production of oil from the lease, because even though the Leavells claimed they were prohibited by the State of Illinois from operating the wells encompassed by the lease, Stanley "admitted [in his discovery deposition] that he could have become the operator of the lease and bonded the wells[] or could have employed a contract operator to do so, but in both instances declined." Although the circuit court did not explain the basis for its conclusions, presumably the court relied upon this argument in finding for the plaintiff, for it is the only argument that could remotely support a summary judgment on this point. Significantly, however, an objective reading of Stanley's deposition testimony does not support a summary judgment, either on the basis of a lack of "due diligence" or a lack of "reasonable diligence" or under the express or implied terms of the lease agreement itself. First, Stanley did not "admit" that he could have become the operator of the lease and bonded the wells, nor did he "admit" that he could have employed a contract operator to do so. Second, even if he had made those admissions, no showing was made by the plaintiff that the failure of the Leavells to transfer the operation of the lease to Stanley or to employ a contract operator, had they been able to do so, would have constituted a lack of "due diligence" or "reasonable diligence" or would have violated the express or implied terms of the lease agreement.

In his deposition, Stanley was asked if he had made any attempts to locate a substitute operator to operate the lease. He answered that he had not, because the State had declared the wells on the lease "abandoned." In response to a follow-up question on the subject, he stated that he believed it would have been a violation of the Illinois Administrative Code to

6

seek another party to operate the lease because he believed the declaration by the State that the wells were "abandoned" obligated the Leavells to completely cease production from the wells "until the abandonment proceedings were decided." Stanley reiterated this position later in the deposition, when he was asked yet again a question he had already repeatedly answered: he was asked if he had looked for an alternative way to operate the lease, and he responded that it was not his responsibility to look for an alternative because the future of the lease "was set in stone" by the State's declaration of abandonment. The plaintiff's contention to the contrary notwithstanding, this deposition testimony is far from an admission by Stanley that he could have employed a contract operator to operate the lease. To the contrary, Stanley repeatedly testified that he could not have employed a contract operator to operate the lease. With regard to whether he could have become the operator of the lease and bonded the wells himself, Stanley testified that although the State had given him the option to operate the lease himself if he posted a $100,000 bond, he was both "unable" and "unwilling" to do that. He also testified that he would not have automatically been allowed to assume the lease but would first have to be "approved as an operator." This testimony, too, can hardly be characterized as an admission by Stanley that he could have become the operator of the lease and bonded the wells himself. To the contrary, Stanley testified unequivocally that he was "unable" to post a bond to become the operator of the lease himself.

Accordingly, with regard to the two key points–that Stanley Leavell "admitted" in his discovery deposition that he could have become the operator of the lease and bonded the wells or that he could have employed a contract operator to do so–that appear to underlie the circuit court's otherwise unexplained conclusion that the Leavells failed to exercise "due diligence" in their management of the wells encompassed by the lease, the evidentiary material presented by the plaintiff thus far, construed strictly against the plaintiff, as the

7

moving party, and in the light most favorable to the Leavells, as the nonmoving party, demonstrates that a genuine issue of material fact exists regarding those points. Whether the Leavells could have continued production from the wells encompassed by the lease or were excused from doing so because production was enjoined by the State of Illinois is a question of fact that is pivotal to the plaintiff's complaint for the cancellation of his oil and gas lease with the Leavells, as is the question of what steps the Leavells were required to take–and whether they took those steps–to satisfy the appropriate legal standard in this case, whether, as the circuit court will need to determine on remand, that is a "due diligence" standard, a "reasonable diligence" standard, or a standard defined by the express or implied terms of the lease agreement. Without definitive answers to these questions, the circuit court cannot determine whether the lease has been forfeited or abandoned. At this point in the litigation, there are no definitive answers to these disputed questions of fact, and the circuit court erred in granting a summary judgment for the plaintiff.

Because we reverse the circuit court's order on the basis of the Leavells' first argument on appeal, we need not consider the remainder of the Leavells' arguments. With regard to attorney fees and costs, however, we note that we pass no judgment on whether those fees or costs will be available at some point in this litigation; our ruling is only that a summary judgment was not appropriate and that accordingly the award of attorney fees and costs was not appropriate either at this stage of the litigation.

For the foregoing reasons, we reverse the order of the circuit court of Crawford County granting a summary judgment to the plaintiff, and we remand for further proceedings not inconsistent with this order.


Reversed; cause remanded.

8

GOLDENHERSH and CHAPMAN, JJ., concur.

NO. 5-06-0321

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GREG NYE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Crawford County. |
| | ) | |
| v. | ) | No. 05-CH-15 |
| | ) | |
| EVA LOVENE LEAVELL and STANLEY | ) | |
| LEAVELL, | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BI-PETRO, INC., and Unknown Owners, | ) | Honorable |
| | ) | David M. Correll, |
| Defendants. | ) | Judge, presiding. |

**Rule 23 Order Filed:** April 2, 2007
**Motion to Publish Granted:** May 14, 2007
**Opinion Filed**: May 14, 2007

---

| | |
|---|---|
| **Justices**: | Honorable Stephen L. Spomer, J. |
| | Honorable Richard P. Goldenhersh, J., and |
| | Honorable Melissa A. Chapman, J., |
| | Concur |

---

| | |
|---|---|
| **Attorneys for Appellants** | Thomas G. Maag, Wendler Law, P.C., 900 Hillsboro, Suite 10, Edwardsville, IL 62025 (attorney for Eva Lovene Leavell and Stanley Leavell) |
| | David Foreman, 204 E. Main, Salem, IL 62881 (attorney for Bi-Petro, Inc.) |

---

| | |
|---|---|
| **Attorneys for Appellee** | Christopher L. Weber, Frank J. Weber, Cox, Phillips, Weber, Tedford & Heap, P.C., 216 South Cross Street, P.O. Box 250, Robinson, IL 62454 |