**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009[*]
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2865

| | |
|---|---|
| TERENCE BRUCE RICHARDS, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> ELI LILLY AND COMPANY, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 6083 <br><br> Joan B. Gottschall, <br> *Judge.* |

**O R D E R**

Terence Richards claims in this lawsuit under the diversity jurisdiction that he was injured from using Humatrope, a drug manufactured by Eli Lilly and Company. But Richards had last used the drug in 2004, and in 2005 he sued the company in federal court for negligence, strict liability, and breach of implied warranty, all premised on his use of Humatrope "[d]uring and before July 2004." That complaint was dismissed without

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

prejudice because Richards did not allege enough in damages to meet the $ 75,000 threshold for diversity jurisdiction.

The complaint here, which Richards filed in October 2008, is a virtual copy of the earlier suit except for its allegation of greater damages. Lilly moved to dismiss the suit as barred by the applicable statutes of limitations. The district court took judicial notice of the 2005 complaint and, applying Illinois law, *see Woidtke v. St. Clair County*, 335 F.3d 558, 562 (7th Cir. 2003), concluded that Richards had last taken Humatrope in July 2004 and knew of his alleged injury by the following year. That put his claims for negligence and strict liability outside the two-year statute of limitations, *see* 735 ILL. COMP. STAT. 5/13-202, and his claim for breach of implied warranty outside the four-year statute of limitations, *see* 810 ILL. COMP. STAT. 5/2-725. Accordingly, the district court granted the motion and dismissed the complaint. Richards appeals.

Our review is de novo. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Richards argues that the limitations periods should have been tolled under the discovery rule. He contends that, although in 2005 he was able to piece together that he had been injured by Humatrope, he did not know this with medical certainty and did not gain sufficient knowledge until he filed the second complaint in 2008.

But medical certainty is not the test. In Illinois the statute of limitations for a personal-injury claim begins to run "when the plaintiff discovers, or reasonably could discover" the injury and cause. *Hollander v. Brown*, 457 F.3d 688, 692-93 (7th Cir. 2006). By 2005 Richards believed he had been injured and knew enough to allege that Humatrope was the cause. This is when the clock began to run on his claims for negligence and strict liability. *See Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898-99 (Ill. 1995); *Morietta v. Reese Constr. Co.*, 808 N.E.2d 1046, 1050-51 (Ill. App. Ct. 2004). His warranty claim accrued even earlier; a breach of an implied warranty is complete when a defective product is delivered, and the statute of limitations begins running at delivery, even if the buyer could not discover the defect until later. *Ridle v. Sprayrite Mfg. Co.*, 555 N.E.2d 1272, 1273 (Ill. App. Ct. 1990); *Nelligan v. Tom Chaney Motors, Inc.*, 479 N.E.2d 439, 442 (Ill. App. Ct. 1985).

AFFIRMED.